UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

In re:                                           Case No. 08-17533-BKC-LMI

RENE PIEDRA AND ASSOCIATES, P.A.,                Chapter 7


            Debtor.
_____/

BARRY E. MUKAMAL, Chapter 7 Trustee,

            Plaintiff,                           Adv. Pro. No. 09-02506-LMI

v.

CHURCH OF SCIENTOLOGY OF
FLORIDA, INC.,

            Defendant.
_____/

**DEFENDANT CHURCH OF SCIENTOLOGY OF FLORIDA, INC.'S
MOTION TO DISMISS PLAINTIFF'S COMPLAINT AND
<u>INCORPORATED MEMORANDUM OF LAW</u>**

Defendant, Church of Scientology of Florida, Inc. ("CSF"), by its undersigned counsel and pursuant to Rules 8, 9 and 12(b)(6) of the Federal Rules of Civil Procedure (the "Rules"), made applicable to this adversary proceeding by Rules 7008, 7009, and 7012 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), hereby moves to dismiss Plaintiff Barry E. Mukamal's, as Chapter 7 Trustee, ("Plaintiff" or "Trustee") Complaint. In support of the relief requested herein, CSF states as follows:

## **PRELIMINARY STATEMENT**

As this Court is aware, the United States Supreme Court recently decided *Bell Atlantic Corporation v. Twombly*, 550 U.S. 544 (2007), and *Ashcroft v. Iqbal*, – U.S. –, 129 S.Ct. 1937 (U.S. 2009), two cases that significantly changed the burden a plaintiff must overcome to survive a motion to dismiss under Rule 12(b)(6) of the Rules and Rule 7012 of the Bankruptcy Rules. While those cases did not involve fraudulent transfer claims under Section 548 of the Bankruptcy Code (the "Code"), or the corresponding applicable state statutory law, federal courts, and practitioners alike, anticipated these decisions would have a far reaching impact on subsequently filed federal lawsuits.

Indeed, only a few reported post-*Twombly/Iqbal* cases have specifically analyzed the level of precision a plaintiff must allege under section 548 of the Code in order to survive a motion to dismiss. One of those decision is *Angell v. Ber Care, Inc. (In re Caremerica, Inc.)*, 409 B.R. 737 (Bankr. E.D.N.C. 2009).[1] By this Motion, CSF requests that this Court adopt the principles and rationale announced in *Caremerica*, just as Judge Ray did in *Keybank*. Plaintiff's Complaint not only fails to allege sufficient facts to support a claim under Section 548 of the Code, but it also fails to plead facts that would entitle Plaintiff to relief under Chapter 726 of the *Florida Statutes*. Therefore, this Court should dismiss Plaintiff's Complaint in its entirety.

---

[1] As an additional matter, CSF is also aware of a recent Order granting Defendant's Motion to Dismiss entered by the Honorable Judge Raymond B. Ray of the United States Bankruptcy Court for the Southern District of Florida in the case of *Feltman v. Keybank, N.A. (In re Levitt & Sons, LLC)*, 2010 WL 1539878 (Bankr. S.D.Fla. Apr. 16, 2010). Significantly, Judge Ray "agree[d] with and adopt[ed] the legal reasoning of the *Careamerica* court." *Id.* at *2. Along similar lines, in *Netbank v. Freeman (In re Netbank, Inc.)*, 424 B.R. 568 (Bankr. M.D.Fla. 2010), the Honorable Judge Jerry A. Funk of the United States Bankruptcy Court for the Middle District of Florida also applied *Twombly* and *Iqbal* in the context of a preference claim, and dismissed Count I of the Complaint. While CSF acknowledges that Keybank involved an issue with respect to the identity of the transferor and Netbank concerned whether the allegations were sufficient to allege purported insider preference claims, both of these decisions have significant precedential value for two reasons: (i) they reaffirmed the proposition that federal complaints must now allege more factual detail in order to survive a motion to dismiss; and (ii) no one element of a preference or fraudulent transfer claim is entitled to more specificity than the other. Clearly, Plaintiff must allege factual support for these elements and a bare bones recitation of the elements no longer suffices. CSF submits that this Court should also adopt these principles, as explained in further detail below, and dismiss Plaintiff's Complaint in its entirety.

## PROCEDURAL HISTORY

On June 5, 2008 (the "Petition Date"), Rene Piedra and Associates, P.A. (the "Debtor") filed its voluntary petition for relief under Chapter 11 of the Bankruptcy Code. On February 9, 2009, this Court converted the case to Chapter 7. On March 26, 2009, this Court appointed a Chapter 7 Trustee. Plaintiff is the duly-appointed Chapter 7 Trustee of the Debtor's bankruptcy estate. On December 10, 2009, Plaintiff filed a Complaint initiating the instant adversary proceeding against CSF.

Plaintiff's Complaint attempts to allege claims for relief under sections 548(a)(1)(A) and (B) of the Code; and Section 726.105 of the *Florida Statutes* for alleged fraudulent transfers by the Debtor to CSF.

## ARGUMENT

I. **IN THE POST-*TWOMBLY* AND *IQBAL* ERA, PLAINTIFF MUST PLEAD WITH MORE SPECIFICITY AND PRECISION IN ORDER TO SURVIVE A MOTION TO DISMISS**

Before the United States Supreme Court's decision in *Twombly*, courts relied upon *Conley v. Gibson*, 355 U.S. 41 (1957), for the proposition that "a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Id.* at 45–46. Previously, federal courts welcomed "the liberal pleading standard in *Conley* when confronting motions to dismiss . . . ." *Caremerica*, 409 B.R. at 745. To CSF's knowledge, the *Caremerica* case is one of the first, if not the first, reported decision applying *Twombly* and *Iqbal* in the bankruptcy context, specifically concerning a fraudulent transfer claim. Therefore, a recitation of those principles is warranted.

As a threshold matter, *Twombly* set the stage for a new outlook on how to determine whether a complaint is sufficient on its face. As such, "a plaintiff's obligation to provide the grounds of his entitle[ment] to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Caremerica*, 409 B.R. at 746 (*quoting Twombly*, 550 U.S. at 555). To allow plaintiffs to rely on the liberal pleading standards relied upon by *Conley* "would result in the survival of a wholly conclusory statement of claim . . . whenever the pleadings left open the possibility that a plaintiff might later establish some 'set of [undisclosed] facts' to support recovery." *Id.* at 746 (*quoting Twombly*, 550 U.S. at 561).

As a result, the Supreme Court decided to "retire" the *Conley* standard because it had "been questioned, criticized, and explained away long enough . . . ." *Id.* (*quoting Twombly*, 550 U.S. at 562–63). Therefore, to survive a motion to dismiss, a "complaint [must assert] plausible grounds to infer [the facts, as stated, are true and that there is] a reasonable expectation that discovery will reveal evidence" supporting the plaintiff's allegations. *Id.* (*quoting Twombly*, 550 U.S. at 556). Furthermore, "[t]he need at the pleading stage for facts plausibly suggesting (not merely consistent with) [the truth of certain allegations] reflects the threshold requirement of Rule 8(a)(2) that the 'plain statement' possess enough heft to 'show that the pleader is entitled to relief.'" *Id.* (*quoting Twombly*, 550 U.S. at 557).

In the aftermath of the *Twombly* decision, courts were unclear as to whether the pleading requirements applied to all cases globally, or whether this new standard was confined solely to the antitrust context, the substantive law applied in that case. *Id.* The Supreme Court expressly decided this question in *Ashcroft v. Iqbal*, -- U.S. -- 29 S.Ct. 1937 (U.S. 2009), and concluded that *Twombly* would have a universal and not a limited application. *Id.* at 747 (*citing Iqbal*, 129

S.Ct. at 1949) (*citing Twombly*, 550 U.S. at 570)). Expounding upon *Twombly*, the Court in *Iqbal* stated that the "plausible on its face" standard announced in *Twombly* involved "'two working principles' upon which this heightened pleading standard rested." *Id.* (citing *Iqbal*, 129 S.Ct. at 1949 and *Twombly*, 550 U.S. at 550).

> First, the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice . . . . Second, only a complaint that states a plausible claim for relief survives a motion to dismiss . . . .
>
> A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to [a] 'probability requirement,' but it asks for more than a sheer possibility that a defendant acted unlawfully.

*Id.* at 747 (*quoting Iqbal*, 129 S.Ct. at 1949).

Therefore, to the extent an allegation in a complaint is nothing more than a bare legal conclusion, devoid of any factual support, it is "not entitled to the assumption of truth." *Id.* (*quoting Iqbal*, 129 S.Ct. at 1950). When evaluating the sufficiency of a complaint, courts must now separate those allegations entitled to the assumption from those "disguised as legal conclusions." *Id.* If a court finds that the factual allegations are well-pleaded, a court "'should assume their veracity' and proceed to determine 'whether they *plausibly* give rise to an entitlement to relief.'" *Id.* (*quoting Iqbal*, 129 S.Ct. at 1950) (emphasis added). Determining the plausibility of a claim is "context-specific" and courts should employ their "judicial [knowledge], experience, and common sense." *Id.* (*quoting Iqbal*, 129 S.Ct. at 1950).

These principles control the instant adversary proceeding and are consistent with the due process requirement of the United States Constitution. *See Mullane v. Central Hanover Bank & Trust Co.* 339 U.S. 306, 314 (1950) ("an elementary and fundamental requirement of due process

in any proceeding which is to be accorded finality is notice reasonably calculated, under the circumstances, to apprise the interested parties of the pendency of the action and afford them the opportunity to present their objections"). Any argument advanced by Plaintiff to the contrary should be disregarded by this Court.

## II. PLAINTIFF'S COMPLAINT FAILS TO COMPLY WITH THE PLEADING REQUIREMENT ENUNCIATED IN *TWOMBLY*, *IQBAL*, AND *CAREMERICA*

As a threshold matter, the purpose of section 548(a)(1)(A) of the Code is to allow the plaintiff the ability to recover transfers that a debtor allegedly made with the actual and purposeful intent to hinder, delay, or defraud creditors. *See Caremerica*, 409 B.R. at 755. Section 726.105(1)(a) of the *Florida Statutes* is the Code's Florida statutory counterpart. Section 548(a)(1)(B)[2] outlines the constructive fraud provisions of the Bankruptcy Code, and allows a plaintiff to plead and prove an alleged transfer is fraudulent without establishing actual intent. *See id.* ("a transfer is constructively fraudulent if it was made while the debtor was in a precarious financial condition, and the transaction did not provide the debtor with reasonably equivalent value in exchange for the item transferred").

Sections 726.105(1)(b) and 726.106 are the Code's Florida law counterparts that govern constructive fraud. *See Official Committee of Unsecured Creditors of Tousa, Inc. v. Citicorp North America, Inc. (In re Tousa, Inc.)*, 422 B.R. 783, 858 n.47 (Bankr. S.D.Fla. 2009) (with the exception of the claw back periods, "there are no material differences between the legal standards that govern Plaintiff's claims under Section 548 of the Bankruptcy Code and the legal

---

[2] Fla. Sta. §§ 726.105(1)(b) and 726.106(1) are analogous "in form and substance" to § 548(a)(2) of the Bankruptcy Code. *Goldberg v. Chong*, Case No.07-20931-CIV-HUCK, 2007 U.S. Dist. LEXIS 49980, at *13 (S.D. Fla. July 7, 2007) (citing *In re Tower Envtl., Inc.*, 260 B.R. 213, 222 (Bankr. M.D. Fla 1998) (citing *In re United Energy Corp.*, 944 F.2d 589, 594 (9th Cir. 1991) (construing California's fraudulent transfer statutes, which are virtually identical to Florida's statutes)). Because Florida's fraudulent transfer provisions are "essentially identical to those found in the Bankruptcy Code," the federal bankruptcy law is relevant precedent to this action under FUFTA. *In re Leneve*, 341 B.R. 53, 56 n. 1 (Bankr. S.D. Fla. 2006).

standards that govern its claims under Florida . . . law, as incorporated by Section 544 of the Bankruptcy Code"). Florida statutory law provides for a four year, as opposed to the Code's two year claw back period.

As a general matter, Florida's Uniform Fraudulent Transfers Act, Fla. Stat. § 726.101, *et seq.* ("FUFTA") was promulgated to prevent an insolvent debtor from transferring assets out of the reach of its creditors when the debtor's intent is to hinder, delay, or defraud any of its creditors. *Fresh Logistics, LLC v. Atlantis Foods, Inc.*, No. 08-81239, 2009 U.S. Dist. LEXIS 64892, at * 11 (S.D. Fla. July 27, 2009) (complaint dismissed where it was simply stated that assets were transferred without consideration at a time when the transferor was insolvent and that the transferees had reasonable cause to believe that the transferor was insolvent). Thus, the statute provides that any transfer made or obligation incurred by a debtor is fraudulent as to a creditor if the debtor made the transfer or incurred the obligation to hinder or defraud the creditor or without receiving "reasonably equivalent value in exchange for the transfer or obligation." *Id.* (citing FLA. STAT. § 726.105-106).

FUFTA, as set forth in Florida Statute § 726.105, provides the substantive requirements that must be pled to state a valid fraudulent transfer claim. *Id.* (citing *Nationsbank, N.A. v. Coastal Utilities, Inc.*, 814 So. 2d 1227, 1229 (Fla. 4th DCA 2002)). The plaintiff must show that "(1) there was a creditor to be defrauded; (2) a debtor intended fraud; and (3) a conveyance of property which could have been applicable to the payment of the debt due." *Id.*; *Gulf Coast Produce, Inc. v. American Growers, Inc.*, No. 07-80633, 2008 U.S. Dist. LEXIS 17635, at *17 (S.D. Fla. March 7, 2008) (complaint dismissed where it simply alleged the assets where transferred to a company insider and unknown third parties without consideration at a time where

the transferor was alleged to be insolvent). Since the Code and the FUFTA are substantially the same, CSF will analyze the Code and the applicable Florida statutes in tandem.

### A. Plaintiff's Allegations in Support of His Claims under Section 548(a)(1)(A) of the Code and Section 726.105(1)(a) of the *Florida Statutes* Fail To Meet the Plausibility Standard

In *Caremerica*, the plaintiff attempted to allege fraudulent transfer claims under both the actual and constructive fraud provisions of the Code. *Id.* In support of the defendants' argument that the plaintiff failed to plead its claim under section 548(a)(1)(A) with sufficient particularity, the defendants maintained that Rule 9(b) of the Rules, made applicable to adversary proceedings by Bankruptcy Rule 7009, "require[d] a party alleging fraud to 'state with particularity the circumstances constituting fraud.'" *Id.* (quoting Fed. R. Civ. P. 9(b); Fed R. Bankr. P. 7009). The defendants maintained that the claim purporting to allege a fraudulent transfer based on actual fraud must be dismissed because it "fail[ed] to identify and describe the fraudulent circumstances on which the trustee's claims [were] founded." *Id.* The Amended Complaint stated the following:

> [t]he Amended Complaint asserts that the debtors transferred funds into a bank account operated by the principals of the debtors and in the name of a non-debtor entity . . . for the purpose of hindering creditors from attaching or garnishing the debtors' bank accounts, including the IRS, which allegedly notified the debtors of its intent to levy and garnish their accounts.

*Id.*

Although the court recognized that a 548(a)(1)(A) claim must be plead with specificity, it held that the claim "compl[ied] with Rule 9(b)'s pleading requirements" because it sufficiently described the factual circumstances that allegedly constituted fraud. *Id.*

In this case, the exact opposite is true. According to Paragraphs 10-15, and 24-30 of the Complaint, the Trustee merely alleges: "[t]he records of the Debtor do not reflect that the Debtor

{216496.0002/N0826749_2}    8

was ever obligated to Defendant for any form of debt;" "a detailed list of the disbursements to Defendant is incorporated by reference . . . and attached . . . as Exhibit A;" "the transfers constitute a transfer of an interest of the debtor in property;" and, therefore, the alleged transfers must have been made by the Debtor "with the actual intent to hinder, delay, or defraud any entity to which the Debtor was or became [indebted], on or after the date the 2 year Transfers were made or such obligation was incurred or indebted." Compl. ¶¶ 11-14. Count III (avoidance of fraudulent transfer under Florida law) realleges and reavers virtually identical allegations as those contained in Count I.

Not only does the Trustee fail to allege or attach any documentation to support the spurious allegation that the Debtor was never indebted to CSF, but the Trustee also does not allege *any facts* that imply or make it facially plausible the Debtor made the alleged transfers for the purpose of defrauding creditors. Unlike the Amended Complaint in *Caremerica*, Count I of the instant Complaint contains bare-bones, conclusory allegations that lack any factual support. Based on *Twombly*, *Iqbal*, and *Caremerica*, and the cases cited herein, bare-bones allegations and unsupported conclusions of law are no longer entitled to the presumption of truth. Therefore, Counts I and III must be dismissed.

B.   **Plaintiff's Allegations in Support of His Claims under Section 548(a)(1)(B) of the Code and Sections 726.105(1)(b) and 726.106 of the *Florida Statutes* Fail To Meet the Plausibility Standard**

According to section 548(a)(1)(B) of the Code, a plaintiff or trustee can avoid "certain transfers in which the debtor 'received less than reasonably equivalent value' and either:

(I)   was or became insolvent on the date of the transfer;

(II)  became insufficiently capitalized following the transfer;

(III) intended to incur debts that would be beyond its ability to repay; or

      (IV)    made such transfer for the benefit of an insider under an employment contract and not in the ordinary course of business.

*Caremerica*, 409 B.R. at 755 (*quoting* 11 U.S.C. 548(a)(1)(B)).

Significantly, the particularity requirement under Rule 9(b) does not apply to claims for the avoidance of "constructively fraudulent transfers because such claims are not based on actual fraud, but instead rely on the debtor's financial condition and the sufficiency of consideration provided by the transferee." *Id.*

To survive a motion to dismiss, a plaintiff's claim to avoid a constructively fraudulent transfer must satisfy Rule 8(a) "and contain a short and plain statement showing entitlement to relief." *Id.* Applying *Twombly* and *Iqbal*, "claims to avoid constructively fraudulent transfers must assert factual allegations which show that relief is plausible." *Caremerica*, 409 B.R. at 756. Along these lines, the complaint must allege more than dates, amounts, and names of transferees." *Id.* A plaintiff must "identify[y] . . . the consideration received by each transferor, information as to why the value of such consideration was less than the amount transferred, and facts supporting the debtors' insolvency at the time of the transfer." *Id.*[3]

Most importantly, the *Caremerica* court specifically stated that "under *Iqbal*, it follows that claims to avoid constructively fraudulent transfers must assert *factual allegations* which show the relief is plausible." *Id.* (emphasis added). A plaintiff cannot allege bare-bones allegations and unsupported conclusions of law. *Id.* at 755–56; *see also In re World Health Alternatives, Inc.*, 385 B.R. 576, 591 (Bankr. D. Del. 2008) ("[e]ven though pleading a

---

[3] Significantly, there is no presumption of insolvency under section 548 of the Bankruptcy Code or under section 726 of the *Florida Statutes*. Under *Twombly*, *Iqbal*, and *Caremerica*, a plaintiff must now explain, as opposed to asserting conclusory statements, how the transferor-debtor was insolvent at the time the alleged transfer occurred. Since the Trustee failed to allege these facts, under the code or pursuant to Florida law, Court II-V are fatal for this reason as well.

constructive fraudulent conveyance does not need to reach the same level of stringency as that for fraud, a mere recitation of the statute is not enough"); *Global Link Liquidating Trust v. Avantel (In re Global Link Telecom Corp.)*, 327 B.R. 711, 717–718 (Bankr. D. Del. 2005) (*citing Hassett v. Zimmerman (In re O.P.M. Leasing Servs., Inc.)* 32 B.R. 199, 203 (Bankr. S.D.N.Y. 1983)). In dismissing the trustee's claims based on constructive fraud, the court stated:

> [t]he Amended Complaint alleges that, with respect to transfers alleged to be fraudulent, the transferors received less than reasonably equivalent value in exchange from the defendant for such fraudulent transfer. [It] also alleges that these transferors were insolvent on the date of each fraudulent transfer or became insolvent as a result of the fraudulent transfer. The court finds that the trustee's allegations *mirror the elements* of § 548(a)(1)(B). *However, the trustee fails to support such allegations with factual assertions other than dates, amounts, and names of transferees included in Exhibit B. Missing from the Amended Complaint is an identification of the consideration received by each transferor, information as to why the value of such consideration was less than the amount transferred, and facts supporting the debtors' insolvency at the time of the transfer.* In the absence of such factual assertions, the trustee's claims based on constructive fraud fail to meet the Rule 8 pleading standard.

*Id.* at 756 (emphasis added) (internal quotations omitted).

In *Dixon v. Ruth (In re Gluth Bros. Constr.)*, Adversary No. 09-A-96133, 2009 Bankr. LEXIS 3819, at *17 (Bankr. N.D. Ill. November 19, 2009), the bankruptcy court also granted the defendants' motion to dismiss the complaint, including the count for avoidance of constructively fraudulent transfers brought under Illinois' Uniform Fraudulent Transfer Act:

> However, *the Plaintiff has offered no factual allegations to support its claim that the Debtor was insolvent at the time of the transfer or became insolvent because of the transfer.* Instead, the complaint merely gives a formulaic recitation of the element, stating that "Upon information and belief, the Debtor was insolvent, became insolvent, and/or had unreasonably small capital in relation to its business at the time, or as a result, of the Fraudulent Transfers." (Compl. P 58). As the creditor trustee, the Plaintiff should have enough access to information on the Debtor's finances to be able to allege at least some minimal

> factual support for its allegation. But, under the standard set forth in *Iqbal*, the Plaintiff has failed to plead this element, and therefore has not sufficiently pled a complaint under the constructive fraud or "fraud in law" sections of the UFTA and 11 U.S.C. § 548(a)(1)(B).

*Dixon* 2009 Bankr. LEXIS 3819, at *17.

Count II, as alleged, completely fails to state any *facts* that would show how sections 548(a)(1)(B)(i)-(ii) plausibly entitle Plaintiff to relief. CSF is not obligated to guess as to what details relate to or otherwise support Plaintiff's allegations. The Bankruptcy Rules require that the allegations and other factual contentions in the Complaint must have evidentiary support or, if specifically so identified, are likely to have evidentiary support after a reasonable opportunity for further investigation or discovery. If the *Caremerica* court found such allegations to be insufficient, this Court should find the same and dismiss these counts accordingly. Since Plaintiff's claims pursuant to sections 726.105(1)(b) (Count IV) and 726.106 (Count V)[4] contain substantially the same elements as those required to prevail under section 548(a)(1)(B) of the Code, Counts III, IV, and V should also be dismissed.

## CONCLUSION

For all of the reasons stated above, Church of Scientology of Florida, Inc. respectfully requests that this Honorable Court enter an Order granting its Motion to Dismiss the Complaint, together with such other and further relief that this Court may deem just and proper.

Dated this 13th day of May, 2010.

---

[4] Another material defect of the Complaint concerns Plaintiff's failure to allege specific facts, at the time of the alleged transfers, that there existed creditors to be defrauded. Since section 726.106 is predicated on the existence of creditors to be defrauded at the time of the alleged transfers, Plaintiff now has the burden to allege these facts. Here, the Complaint fails to specifically mention the existence of any creditor that was defrauded at the time of each of the alleged transfers at issue. Moreover, the Complaint fails to allege any facts to support that each of these purported transfers could have been applied to the payment of a debt due at the time each of the transfers allegedly occurred. Since the Complaint is woefully deficient on this issue, it is subject to dismissal.

ADORNO & YOSS LLP

/s/ Alan J. Perlman
Alan J. Perlman
Florida Bar No.: 826006
e-mail: aperlman@adorno.com
Joshua B. Alper
Florida Bar No.: 0059875
e-mail: jalper@adorno.com
350 East Las Olas Blvd.
Fort Lauderdale, FL 33301
(954) 763-1200 (Telephone)
(954) 766-7800 (Facsimile)

*Attorneys for Church of Scientology of Florida, Inc.*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy has been served electronically through the Court's EM/ECF system on all parties requesting electronic service on this 13th day of May, 2010.

/s/ Alan J. Perlman