UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION
www.flsb.uscourts.gov

| | |
|---|---|
| In re: | Chapter 7 |
| RENE PIEDRA AND ASSOCIATES, | Case No. 08-17533-BKC-LMI |
| Debtor. _____/ | |
| BARRY E. MUKAMAL, Chapter 7 Trustee | |
| Plaintiff, | |
| v. | |
| CHURCH OF SCIENTOLOGY OF FLORIDA, INC., | Adv. No. 09-02506-LMI |
| WORLD INSTITUTE OF SCIENTOLOGY ENTERPRISES, INC., | Adv. No. 09-02507-LMI |
| CITIZENS COMMISSION ON HUMAN RIGHTS OF FLORIDA, INC., | Adv. No. 09-02509-LMI |
| DEBORAH FRASHER, AS TRUSTEE OF THE US IAS MEMBERS, | Adv. No. 09-02510-LMI |
| INDIRA BLYSKAL, | Adv. No. 10-01010-LMI |
| WILLIAM ALEXANDER CARR[1], | Adv. No. 10-01011-LMI |
| SECOND CHANCE PROGRAM., INC., | Adv. No. 10-01012-LMI |
| WENDY L. KEENE, | Adv. No. 10-01013-LMI |
| MGE MANAGEMENT EXPERTS, INC. d/b/a MARCUS GROUP ENTERPRISES, INC., | Adv. No. 10-01014-LMI |
| IAS ADMINISTRATIONS, INC., | Adv. No. 10-01015-LMI |
| CHURCH OF SCIENTOLGY RELIGIOUS TRUST | Adv. No. 10-01016-LMI |
| Defendants. _____/ | |

**TRUSTEE'S MOTION FOR LEAVE TO AMEND ADVERSARY COMPLAINT
AND CONSOLIDATE ADVERSARY PROCEEDINGS**

Plaintiff, Barry E. Mukamal, Chapter 7 Trustee (the "Trustee"), by and through

---

[1] Please note that the name of the Defendant was corrected to William Alexander Carr for purposes of this Motion.

1

undersigned counsel and pursuant to Federal Rule of Civil Procedure 15(a), made applicable to this proceeding by Federal Rules of Bankruptcy Procedure 7015(a) hereby moves the Court for entry of an Order granting the Trustee Leave to Amend its Adversary Complaints ("Motion to Amend") as to Defendants, Wendy L. Keene and Indira Blyskal and simultaneously, the Trustee, pursuant to Federal Rule of Civil Procedure 42(a), made applicable to Federal Rules of Bankruptcy Procedure 7042(a) moves the Court for entry of an Order to Consolidate the above listed Adversary Proceedings ("Motion to Consolidate"). In support of the Motion for Leave to Amend and Consolidate Adversary Proceedings (combined, the "Motion"), the Trustee attaches the "First Amended Adversary Complaint" ("Exhibit 1") and states as follows:[2]

## BACKGROUND

1.  On June 5, 2008, Rene Piedra, DMD and Associates, P.A. (the "Debtor") filed its voluntary petition for bankruptcy under Chapter 11 of the United States Bankruptcy Code.

2.  On February 9, 2009, the Court converted the case to a Chapter 7.

3.  On March 26, 2009, the Court appointed the Trustee.

4.  On December 10, 2009, the Trustee sued Defendant Church of Scientology of Florida, Inc. ("CASF"), for avoidance and recovery of fraudulent transfers pursuant to 11 U.S.C. §§ 548, 550 and §§ 726.105(1)(a) – (b) and 726.106, *Florida Statutes*, and Rule 7001 of the *Federal Rules of Bankruptcy Procedure*.

5.  On December 10, 2009, the Trustee sued the Defendant World Institute of Scientology Enterprises, Inc. ("WISE"), for avoidance and recovery of fraudulent

---

[2] In support of the Motion to Consolidate and for further details, please refer to attached "First Amended Adversary Complaint."

2

transfers pursuant to 11 U.S.C. §§ 548, 550 and §§ 726.105(1)(a) – (b) and 726.106, *Florida Statutes*, and Rule 7001 of the *Federal Rules of Bankruptcy Procedure*.

6. On December 10, 2009, the Trustee sued the Defendant Citizens Commission of Human Rights of Florida, Inc.("CCHR"), for avoidance and recovery of fraudulent transfers pursuant to 11 U.S.C. §§ 548, 550 and §§ 726.105(1)(a) – (b) and 726.106, *Florida Statutes*, and Rule 7001 of the *Federal Rules of Bankruptcy Procedure*.

7. On December 10, 2009, the Trustee sued the Defendant Deborah Fraser, as Trustee of the US IAS Members' Trust ("USIAS"), for avoidance and recovery of fraudulent transfers pursuant to 11 U.S.C. §§ 548, 550 and §§ 726.105(1)(a) – (b) and 726.106, *Florida Statutes*, and Rule 7001 of the *Federal Rules of Bankruptcy Procedure*.

8. On January 7, 2010, the Trustee sued the Defendant Indira Blyskal ("Blyskal") for avoidance and recovery of fraudulent transfers pursuant to 11 U.S.C. §§ 548, 550 and §§ 726.105(1)(a) – (b) and 726.106, *Florida Statutes*, and Rule 7001 of the *Federal Rules of Bankruptcy Procedure*.

9. On January 7, 2010, the Trustee sued the Defendant William Alexander Carr ("Carr") for avoidance and recovery of fraudulent transfers pursuant to 11 U.S.C. §§ 548, 550 and §§ 726.105(1)(a) – (b) and 726.106, *Florida Statutes*, and Rule 7001 of the *Federal Rules of Bankruptcy Procedure*.

10. On January 7, 2010, the Trustee sued Defendant Second Chance Program ("Second Chance"), Inc., for avoidance and recovery of fraudulent transfers pursuant to 11 U.S.C. §§ 548, 550 and §§ 726.105(1)(a) – (b) and 726.106, *Florida Statutes*, and Rule 7001 of the *Federal Rules of Bankruptcy Procedure*.

11. On January 7, 2010, the Trustee sued Defendant Wendy L. Keene ("Keene"), for avoidance and recovery of fraudulent transfers pursuant to 11 U.S.C. §§ 548, 550 and §§ 726.105(1)(a) – (b) and 726.106, *Florida Statutes*, and Rule 7001 of the *Federal Rules of Bankruptcy Procedure*.

12. On January 7, 2010, the Trustee sued Defendant MGE Management Experts, Inc. d/b/a Marcus Group Enterprises, Inc. ("MGE")[3] for avoidance and recovery of fraudulent transfers pursuant to 11 U.S.C. §§ 548, 550 and §§ 726.105(1)(a) – (b) and 726.106, *Florida Statutes*, and Rule 7001 of the *Federal Rules of Bankruptcy Procedure*.

13. On January 7, 2010, the Trustee sued Defendant IAS Administrations, Inc ("IAS") for avoidance and recovery of fraudulent transfers pursuant to 11 U.S.C. §§ 548, 550 and §§ 726.105(1)(a) – (b) and 726.106, *Florida Statutes*, and Rule 7001 of the *Federal Rules of Bankruptcy Procedure*.

14. On January 7, 2010, the Trustee sued Defendant Church of Scientology Religious Trust ("CSRT") for avoidance and recovery of fraudulent transfers pursuant to 11 U.S.C. §§ 548, 550 and §§ 726.105(1)(a) – (b) and 726.106, *Florida Statutes*, Rule 7001 of the *Federal Rules of Bankruptcy Procedure*.

## RELIEF REQUESTED

15. By this Motion, the Trustee seeks an entry of an order (i) granting leave to amend the Adversary Complaints against Keene and Blyskal, and (i) granting consolidation of the Adversary Proceedings of the above-listed Defendants.

---

[3] On February 9, 2010, MGE filed a "Motion to Dismiss Adversary Proceeding." This Motion to Consolidate renders the "Motion to Dismiss Adversary Proceeding" moot.

## BASIS FOR RELEF REQUESTED

### A. Motion to Amend

16. Pursuant to Federal Rule of Civil Procedure 15(a)(1) and Federal Rule of Bankruptcy Procedure 7015(a)(1), a party may amend a pleading once as a matter of course at any time before a responsive pleading is served.

17. In all other cases, including when a responsive pleading has been served, a "a party may amend its pleading only with the opposing party's written consent or the court's leave."[4] Fed.R.Bankr.P. 7015(a)(2). Pursuant to Federal Rule of Bankruptcy Procedure 7015(a)(2), "leave to amend shall be freely given when justice so requires." In *Foman v. Davis*, 371 U.S. 178, 230 (1962), the court noted that Rule 15(a) declares that leave to amend shall be "freely given" when justice so requires and that "this mandate is to be heeded." In the absence of any apparent or declared reason such as undue delay, bad faith or dilatory motive on the part of the movant, or repeated failure to cure deficiencies by amendments previously allowed, the leave sought should, as the rules require, be freely given. *Id. See also McKinley v. Kaplan*, 177 F.3d 1253, 1258 (11th Cir. 1999).

18. In the present case, there are no reasons to deny Trustee's Motion for Leave to Amend the Adversary Complaints against Keene and Blyskal. There is no indication in the record that the Trustee's request to amend its Complaint is the product of bad faith or any improper motive. Further, there is no history of the Trustee's failure to comply with prior orders or of its disregard of the Court's procedures.

19. The Adversary Complaints against Keene and Blyskal were filed on January 7, 2010. Keene filed her Answer to the Adversary Complaint on February 8,

---

[4] MGE has not consented to such relief.

2010. Blyskal filed her Answer to the Adversary Complaint on May 11, 2010. There has been no undue delay in deciding to amend the Complaints. After uncovering new evidence and information, the Trustee has moved promptly to amend the Complaints against Keene and Blyskal. As stated, the Trustee is seeking to amend the Adversary Complaints in good faith and with the purpose of incorporating new found details.

20. Specifically, the Trustee seeks leave to amend the Adversary Complaints to include more detailed information regarding Keene and Blyskal's involvement in a massive scheme to defraud dental patients and transfer significant sums of money to Church of Scientology ("CAS") or CAS related entities. The Trustee through proper investigation and analysis of various documents was able to unearth further information relating to this scheme. Here, "justice so requires" that the Court allow the Trustee to properly amend its Adversary Complaints as to Keene and Blyskal.

21. For purposes of clarity, it is important to note that the other above-listed Defendants have yet to file an answer or "responsive pleading" for purposes of Federal Rule of Civil Procedure 15(a) and Federal Rule of Bankruptcy Procedure 7015(a). Specifically, Defendants, Carr and Second Chance, have not filed an Answer to the Adversary Complaints filed against them. Although the other listed Defendants[5] have filed a Motion to Dismiss against the Trustee's Adversary Complaints, it is important to clarify that "Motions to Dismiss" are not considered "responsive pleadings" within the meaning of Federal Rule of Civil Procedure 15(a). *In re Harwell*, 80 B.R. 901 (Bankr. W.D. Tenn. 1987).

---

[5] To clarify, the following Defendants have filed a Motion to Dismiss against the Trustee: WISE, CASF, CCHR, USIAS, MGE, IAS, and CSRT.

6

22.     Thus, with the exception of Keene and Blyskal, the Trustee can amend the Adversary Complaints against the other listed Defendants as a matter of course. In addition to further clarifying new details of the fraudulent scheme, the Trustee will include two additional Defendants, the Church of Scientology Kansas City and the Church of Scientology Flag Service Organization in the "First Amended Adversary Complaint."[6]

23.     By this Motion, the Trustee requests the court's leave to properly amend its Adversary Complaints against Keene and Blyskal to include newly discovered information and to add two new Defendants. For all of the foregoing reasons, and because the Trustee is seeking leave to amend in good faith and for good cause, "justice so requires" leave to amend to be freely given in the present case.

## B. Motion to Consolidate

### Applicable Legal Standard

24.     As stated in Federal Rule of Bankruptcy Procedure 7042, Rule 42(a) of the Federal Rules of Civil Procedure governs the consolidation of adversary proceedings. Specifically, Rule 42 states:

> (a) Consolidation. When actions involving a common question of law or fact are pending before the court, it may order a joint hearing or trial of any or all the matters in issue in the actions; it may order all the actions consolidated; and it may make such orders concerning proceeding therein as may tend to avoid unnecessary costs or delay.

25.     It lies within the sound discretion of the court to decide whether to consolidate proceedings. Fed.Rules Bankr.Proc.Rule 7042, 11 U.S.C.A.; Fed.Rules

---

[6] As clarified in the attached "First Amended Adversary Complaint," both the Church of Scientology Kansas City and the Church of Scientology Flag Service Organization are branches or subdivisions and directly affiliated with the CAS.

7

Civ.Proc.Rule 42(a), 28 U.S.C.A. *In re Hearthside Baking Co., Inc.*, 391 B.R. 807, 50 Bankr. Ct. Dec. (CRR) 107 (Bankr. N.D. Ill. 2008).

26.     To determine whether consolidation is appropriate, courts conduct a balancing test, taking into consideration the particular and factual postures of the relevant cases. More specifically, courts consider the following factors when assessing whether consolidation is appropriate: (1) are the cases pending before the same court; (2) do the cases share common parties; (3) are there common questions of law and/or fact; (4) is there a risk of prejudice or confusion if the cases are consolidated and, if so, does that risk outweigh the risk of inconsistent adjudication if the cases are tried separately; and (5) will consolidation conserve judicial resources and reduce the time and cost incurred by separate trials. *Zolezzi v. Celadon Trucking Services. Inc.*, 2009 WL 736057 (S.D. Tex. March 16, 2009).

**The Related Actions Should Be Consolidated**

27.     The Court should consider the totality of the circumstances in assessing whether consolidation is appropriate. "Trial judges are urged to make good use of Rule 42(a) ... where there is involved a common question of fact and law as to the liability of the defendant in order to expedite the trial and eliminate the unnecessary repetition and confusion." *Trevizo v. Cloonan*, 2000 WL 33348794 (W.D. Tex. Nov. 29, 2000). Thus, the proper solution to the problems created by the existence of two or more cases involving the same parties and issues simultaneously pending in the same court is to consolidate them under Rule 42(a).

28.     As set forth below, all of the Adversary Proceedings meet the above-listed factors for consolidation. In fact, the procedural and substantive similarities suggest that

these Adversaries are so inextricably intertwined that confusion, delay, and prejudice will result if the Adversary Proceedings are not consolidated because at the core of all of the adversarial matters lies allegations of the Debtor's fraud.

### I.     The related actions are pending before this court.

29.     All the Adversaries are pending before this court. Each of the above-listed Adversary Proceedings are to be adjudicated in this court, so consolidation is a sensible approach for purposes of administrative efficiency.

### II.    The related actions involve common parties.

30.     Through discovery and analysis of various documents, the Trustee, on information and belief, avers that all of the named Defendants are commonly intertwined and/or affiliated with the CAS. As further detailed in the attached "First Amended Adversary Complaint," each of the Defendants is either an affiliated entity or a member of the CAS that assisted in the perpetration of a massive fraudulent scheme. Through the involvement and assistance of all of the named Defendants, a wide scale fraud was perpetuated in defrauding dental patients for the end purpose of transferring large sums of money to the CAS and CAS related entities. Therefore, because the Adversaries involve common parties, this factor for the consolidation analysis is satisfied.

### III.   The related actions have numerous common questions of law and fact.

31.     The standard for consolidation is simply that a judge may consolidate actions involving "common questions of law or fact to avoid unnecessary costs or delay." *Johnson v. Celotex Corp.*, 899 F.2d 1281, 1284 (2d Cir. 1990) *cert. denied*, 498 U.S. 920 (1990).

9

32. The consolidation of the Adversary Proceedings is necessary and appropriate because they involve common questions of law. Specifically, all of the Adversary Proceedings involve an action for avoidance and recovery of fraudulent transfers pursuant to §§548 and 550 of the *United States Bankruptcy Code* and §§ 726.105(1)(a) - (b), and 726.106 of the *Florida Statutes*. These avoidance actions all focus on the same legal premise that monetary transfers to the Defendants were made with either the "actual intent to hinder, delay or defraud" creditors or that the Debtor received "less than a reasonably equivalent value in exchange for such obligation and was insolvent on the date that such transfer was made or became insolvent as a result of such transfer."

33. Further, all of the Adversary Proceedings arise from the same core factual allegations. Specifically, all of the Defendants are directly affiliated with the CAS and assisted in the carrying out of a massive scheme to defraud patients in order to transfer large sums of money to the CAS. As the "First Amended Adversary Complaint" further purports, each of the Defendants, at all relevant times, participated in, and were aware of the scheme to defraud dental patients for the end purpose of transferring the funds received to the CAS and CAS related entities. In addition, each Adversary Proceeding recites virtually the same history and requests the Court to determine related issues surrounding the fraudulent transfers.

34. All of the Adversary Proceedings are so interrelated that it is not possible to meaningfully distinguish between the underlying factual and legal questions and issues. A review of the relative cause of action and remedies sought illustrates the overlapping commonality of the action and supports consolidation. The overlapping

questions of law and fact are numerous and present the scenario contemplated by Rule 42(a). Therefore, consolidation of the Adversaries is proper and appropriate as it will avoid needless duplication of efforts by the Trustee's Counsel.

### IV. **Prejudice and confusion will result if the Adversaries are not consolidated.**

35. If the Adversaries are not consolidated, they will proceed pursuant to separate schedules which will significantly increase the likelihood of inconsistent adjudication, which in turn, will operate to the detriment of the Trustee. This problem is further exacerbated by the fact that the separate adjudications will probably occur several months apart. Trustee certainly could face prejudice if the underlying factual and legal issues are not similarly resolved and addressed.

36. Given that all the Adversary Proceedings are premised on virtually the same facts, and seek the Court to determine the same legal issues, consolidating the proceedings would prevent inconsistent rulings.

### V. **Consolidation of the Adversaries will conserve judicial resources and reduce the time and cost of trying the cases separately.**

37. The purpose of joining actions is to promote convenience and judicial economy. Fed.Rules Bankr.Proc.Rule 7042, 11 U.S.C.A.; Fed.Rules Civ.Proc.Rule 42(a), 28 U.S.C.A. *In re Hearthside Baking Co., Inc.*, 391 B.R. 807, 107 (Bankr. N.D. Ill. 2008).

38. Consolidation is favored when it serves judicial economy and the interests of justice, taking into account considerations of fairness and impartiality at trial. *See Celotex Corp.*, 899 F.2d at 1285; *see also In re The Appliance Store, Inc.*, 171 B.R. 525,

528 (Bankr. W.D. Pa. 1994) (judicial economy and convenience of parties better served by consolidating proceedings based on same facts and issues of law).

39.　If not consolidated, the separate and individual disposition of the Adversaries will operate as a substantial drain on the Court's resources and will significantly inflate the time and cost incurred by the parties.

40.　Consolidation would promote judicial economy and save this Court from repetitive briefs and arguments. Absent consolidation, each matter (involving virtually the same facts and disputes) would have to be heard separately by this Court.

41.　Consolidation puts the Adversaries on the same schedule, disputes can be resolved in a single proceeding and fact and testimony can be secured and obtained in a single instance.

42.　Given that all the Adversary Proceedings are premised on virtually the same facts, and seek the Court to determine the same issues, consolidating the Adversary Proceedings would promote judicial economy and minimize delay.[7]

## CONCLUSION

For the foregoing reasons, the Court should allow the Trustee to amend and consolidate the Adversary Proceedings. Specifically, the Trustee should be given leave to amend the Adversary Complaints against Keene and Blyskal because the Trustee, after further discovery and investigation, has found pertinent details to further incorporate into the Adversary Complaints as well as additional Defendants. Further, consolidation is appropriate for the following reasons: (1) all of the Adversary Proceedings are pending before the same court; (2) the cases share common parties; (3) there are common

---

[7] Due to the fact that new information regarding the fraudulent transfers and scheme has been discovered and the significant amount of discovery to unearth, the Trustee will file a "Motion to Continue Pre-Trial Orders and Deadlines" as to all of the above-listed Defendants to the beginning of September 2010.

questions of law and fact; (4) there a risk of prejudice or confusion if the cases are not consolidated;(5) consolidation will conserve judicial resources and reduce the time and cost incurred by separate trials.

WHEREFORE, the Plaintiff respectfully requests that the Court enter an order granting the Motion for Leave to Amend and Consolidate Adversary Proceedings and granting such other relief as the Court deems just and proper

Dated:   May 18, 2010

>GRAYROBINSON, P.A.
>*Counsel for Plaintiff Barry Mukamal*
>1221 Brickell Avenue, Suite 1600
>Miami, Florida 33131
>Telephone:   (305) 416-6880
>Facsimile:    (305) 416-6887
>
>By:   s/ Frank Terzo
>         Frank Terzo, Esq.
>         Florida Bar No. 906263

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing has been furnished via U.S. Mail this 18th day of May, 2010 to all parties in interest per the attached service list and all parties in the Court's CM/ECF service list maintained by the Court in this matter.

>By:   s/ Frank Terzo
>         Frank Terzo, Esq.

## SERVICE LIST

*Adv. No. 09-2506-LMI; Adv. No. 09-2507-LMI; Adv. No. 09-2509-LMI; Adv. No. 09-2510-LMI; Adv. No. 10-1010-LMI; Adv. No. 10-1011-LMI; Adv. No. 10-1012-LMI; Adv. No. 10-1013-LMI; Adv. No. 10-1014-LMI; Adv. No. 10-1015-LMI; Adv. No. 10-1016-LMI*
Barry Mukamal, Trustee
One SE Third Avenue, 10th Floor
Miami, FL 33131

*Adv. No. 09-2506-LMI; Adv. No. 09-2507-LMI; Adv. No. 09-2509-LMI; Adv. No. 09-2510-LMI; Adv. No. 10-1010-LMI; Adv. No. 10-1011-LMI; Adv. No. 10-1012-LMI; Adv. No. 10-1013-LMI; Adv. No. 10-1014-LMI; Adv. No. 10-1015-LMI; Adv. No. 10-1016-LMI*
U.S. Trustee's Office
51 SW First Avenue, Room 1204
Miami, FL 33130

*Adv. No. 09-2506-LMI; Adv. No. 09-2507-LMI; Adv. No. 09-2509-LMI; Adv. No. 09-2510-LMI; No. 10-1015-LMI; Adv. No. 10-1016-LMI*
Alan Pearlman, Esq.
Adorno & Yoss LLP
350 E. Las Olas Boulevard
Suite 1700
Ft. Lauderdale, FL 33301

*Adv. No. 09-2506-LMI; Adv. No. 09-2507-LMI; Adv. No. 09-2509-LMI; Adv. No. 09-2510-LMI; Adv. No. 10-1010-LMI; Adv. No. 10-1011-LMI; Adv. No. 10-1012-LMI; Adv. No. 10-1013-LMI; Adv. No. 10-1014-LMI; Adv. No. 10-1015-LMI; Adv. No. 10-1016-LMI*
Lynn Gelman, Esq.
1450 Madruga Ave, #302
Coral Gables, FL 33146

*Adv. No. 10-1010-LMI*
Silvio Amico, Esq.
6401 S.W. 87th Avenue
Miami, FL 33173

*Adv. No. 10-1014-LMI*
David R. Rothenstein, Esq.
Ehrenstein Charbonneau Calderin
501 Brickell Key Drive
Suite 300
Miami, Florida 33131

*Adv. No. 10-1012-LMI*
Mr. Rick Pendery
E-mail: rickpendery@aol.com

*Adv. No. 10-1013-LMI*
Wendy L. Keene
4335 Oak St.
#12
Kansas City, MO 64111

*Adv. No. 10-1011-LMI*
William Alexander Carr
3600 Rainbow, #313
Kansas City, KS 66103

\351000\5 - # 265999 v1

15