or defraud any entity to which the debtor was or became, on or after the date such transfer was made or such obligation was incurred, indebted."

211.    Within two (2) years of the Petition Date, the Debtor transferred $40,000.00 to Defendant, IAS (hereinafter, the "2 Year Transfers") or for the benefit of IAS.  A detail of the disbursements to IAS or for the benefit of IAS is incorporated by reference herein and attached hereto as Exhibit "G."

212.    The records of the Debtor do not reflect that the Debtor was ever obligated to US IAS for any form of debt.

213.    The 2 Year Transfers constitute a "transfer of an interest of the debtor in property" under 11 U.S.C. § 548(a)(1)(A).

214.    The 2 Year Transfers were made by the Debtor with the actual intent to hinder, delay, or defraud any entity to which the Debtor was, or became, on or after the date the 2 Year Transfers were made or such obligation was incurred or indebted.

215.    The facts support the allegation that Debtor was purposefully transferring large sums of money to CAS related entities, including IAS through the corporate account.  The Debtor utilized fraudulent methods to gain certain amounts of money, which were then transferred over the CAS related entities, including IAS.

216.    The Trustee is entitled to recover the 2 Year Transfers plus pre- and post-judgment interest thereon pursuant to § 550(a)(1).

**WHEREFORE**, by reason of the foregoing, and pursuant to 11 U.S.C. §§ 548 and 550, the 2 Year Transfers to IAS are avoidable and the Trustee requests judgment in his favor awarding him the recovery of the 2 Year Transfers, plus pre- and post-judgment interest, and any such other relief this Court may deem just, equitable and proper.

## COUNT XVIII
## Avoidance and Recovery of Fraudulent Transfers
## Under 11 U.S.C. §§ 548(a)(1)(B) and 550(a)(1) against IAS

217.    The Trustee incorporates by reference and realleges Paragraphs 1 through 80 of this Complaint as is fully set forth herein.

218.    11 U.S.C. § 548(a)(1)(B)(i-ii) provides that a trustee may "avoid any transfer … of an interest of the debtor in property, or any obligation … incurred by the debtor, that was made or incurred on or within 2 years before the date of filing of the petition, if the debtor voluntarily or involuntarily (i) received less than a reasonably equivalent value in exchange for such obligation; and (ii) was insolvent on the date that such transfer was made or such obligation was incurred, or became insolvent as a result of such transfer or obligation."

219.    Within two (2) years of the Petition Date, the Debtor made the 2 Year Transfers to IAS or for the benefit of IAS as set forth in Exhibit "G" attached hereto and incorporated herein.

220.    The records of the Debtor do not reflect that the Debtor was ever obligated to IAS for any form of debt.

221.    The 2 Year Transfers constitute a "transfer of an interest of the debtor in property" under 11 U.S.C. § 548(a)(1)(B).

222.    The Debtor voluntarily or involuntarily received less than a reasonably equivalent value in exchange for the 2 Year Transfers and the Debtor was insolvent on the dates that the 2 Year Transfers were made or such obligation was incurred, or became insolvent as a result of the 2 Year Transfers or obligation.

223.    The Trustee is entitled to recover the 2 Year Transfers plus pre- and post-judgment interest thereon pursuant to § 550(a)(1).

**WHEREFORE**, by reason of the foregoing, and pursuant to 11 U.S.C. §§ 544, 548, 550 and 551, the 2 Year Transfers to IAS are avoidable and the Trustee therefore requests judgment in his

favor awarding him the recovery of the 2 Year Transfers, plus pre- and post-judgment interest, and any other such relief this Court may deem just, equitable and proper.

## COUNT XIX
### Avoidance and Recovery of Fraudulent Transfer Under
### 11 U.S.C. § 544(b), § 550(A)(1), and F.S.A. § 726.105(1)(a) against IAS

224.    The Trustee incorporates by reference and realleges Paragraphs 1 through 80 of this Complaint as if fully set forth herein, and further asserts:

225.    Pursuant to 11 U.S.C. § 544(b), the trustee may avoid any transfer of an interest of the debtor in property as of any obligation incurred by the debtor that is voidable under F.S.A. § 726.105(1)(a) for a period of four (4) years prior to filing of the debtor's bankruptcy.

226.    Within four (4) years of the Petition Date, the Debtor transferred to IAS or for the benefit of IAS $89,000.00 (hereinafter, the "4 Year Transfers"). A detail of the disbursements to IAS or for the benefit of the IAS is incorporated by reference herein and attached hereto as Exhibit "H."

227.    The facts support the allegation that Debtor was purposefully transferring large sums of money to CAS related entities, including IAS through the corporate account. The Debtor utilized fraudulent methods to gain certain amounts of money, which were then transferred over the CAS related entities, including IAS.

228.    The records of the Debtor do not reflect that the Debtor was ever obligated to IAS for any form of debt.

229.    The 4 Year Transfers were a transfer of property of the Debtor, an interest in property of the Debtor, or an obligation incurred by the Debtor, that was made or incurred before the Petition Date.

230.    Claims of creditors of the Debtor arose prior to and after the 4 Year Transfers being made by the Debtor to IAS or for the benefit of IAS.

231.     The 4 Year Transfers were made with the actual intent to hinder, delay, or defraud any creditor of the Debtor.

232.     The Trustee is entitled to recover the amount of the 4 Year Transfers plus pre- and post-judgment interest thereon pursuant to § 550(a)(1).

**WHEREFORE**, by reason of the foregoing, and pursuant to 11 U.S.C. §§ 544(b) and 550, as well as § 726.105, Florida Statutes, the Trustee therefore requests judgment in his favor awarding him the recovery of the 4 Year Transfers, plus pre- and post-judgment interest, and any other such relief this Court may deem just, equitable and proper.

## COUNT XX
### Avoidance and Recovery of Fraudulent Transfer Under 11 U.S.C. § 544(b), § 550(A)(1), and F.S.A. § 726.105(1)(b) against IAS

233.     The Trustee incorporates by reference and realleges Paragraphs 1 through 80 of this Complaint as if fully set forth herein, and further asserts:

234.     Pursuant to 11 U.S.C. § 544(b), the trustee may avoid any transfer of an interest of the debtor in property as of any obligation incurred by the debtor that is voidable under F.S.A. § 726.105(1)(b) for a period of four (4) years prior to filing of the debtor's bankruptcy.

235.     Within four (4) years of the Petition Date, the Debtor made the 4 Year Transfers to IAS or for the benefit of IAS as set forth in Exhibit "H" attached hereto and incorporated herein.

236.     The records of the Debtor do not reflect that the Debtor was ever obligated to IAS for any form of debt.

237.     The 4 Year Transfers were a transfer of property of the Debtor, an interest in the property of the Debtor, or an obligation incurred by the Debtor, that was made or incurred before the Petition Date.

238.        Claims of creditors of the Debtor arose prior to and after the date of the 4 Year Transfers made by the Debtor to IAS or for the benefit of the IAS.

239.        The 4 Year Transfers were made without the Debtor having received reasonably equivalent value in exchange for the 4 Year Transfers, and the Debtor was:

A.        engaged or was about to engage in a business or a transaction for which the remaining assets of the Debtor were unreasonably small in relation to the business or transaction; or

B.        intended to incur, or believed or reasonably should have believed that it would incur, debts beyond its ability to pay as they became due.

240.        The Trustee is entitled to recover the monies in the amount of the 4 Year Transfers plus pre- and post-judgment interest thereon.

**WHEREFORE**, pursuant to 11 U.S.C. §§ 544(b) and 550(A)(1), as well as §726.105(1)(b), Florida Statutes, the Trustee requests judgment in his favor awarding him the recovery of the 4 Year Transfers, pre- and post-judgment interest, and any other such relief which this Court deems just, equitable and proper.

## COUNT XXI
### Avoidance and Recovery of Fraudulent Transfer Under 11 U.S.C. § 544(b), § 550(A)(1), and F.S.A. § 726.106 against IAS

241.        The Trustee incorporates by reference and realleges Paragraphs 1 through 80 of this Complaint as if fully set forth herein, and further asserts:

242.        Pursuant to 11 U.S.C. § 544(b), the trustee may avoid any transfer of an interest of the debtor in property as of any obligation incurred by the debtor that is voidable under F.S.A. § 726.106 for a period of four (4) years prior to filing of the debtor's bankruptcy.

243.    Within four (4) years of the Petition Date, the Debtor made the 4 Year Transfers to IAS or for the benefit of IAS as set forth in Exhibit "H" attached hereto and incorporated herein.

244.    The 4 Year Transfers were a transfer of the property of the Debtor, an interest in property of the Debtor, or an obligation incurred by the Debtor, that was made or incurred within four (4) years before the Petition Date.

245.    The records of the Debtor do not reflect that the Debtor was ever obligated to IAS for any form of debt.

246.    The Debtor received less than reasonably equivalent value in exchange for the 4 Year Transfers; and:

    A.    was insolvent on the date the 4 Year Transfers were made or became insolvent as a result of the 4 Year Transfers;

    B.    was engaged in business or transaction, or was about to engage in business or transaction, for which any property remaining with the Debtor was unreasonably small capital; or

    C.    intended to incur, or believed that the Debtor would incur, debts that would be beyond the Debtor's ability to pay as such debts matured.

247.    At the time of the 4 Year Transfers, the Debtor had creditors whose claims arose prior to the date of the 4 Year Transfers.

248.    The Trustee is entitled to recover the monies in the amount of the 4 Year Transfers plus pre- and post-judgment interest thereon.

**WHEREFORE**, pursuant to 11 U.S.C. §§ 544(b) and 550, as well as § 726.106, Florida Statutes, the Trustee requests judgment in his favor awarding him the recovery of the 4 Year

Transfers, pre- and post-judgment interest, and such other relief which this Court deems just, equitable and proper.

### COUNT XXII
### Avoidance and Recovery of Fraudulent Transfers
### Under 11 U.S.C. §§ 548(a)(1)(A) and 550(a)(1) against Blyskal

249.     The Trustee incorporates by reference and realleges Paragraphs 1 through 80 of this Complaint as is fully set forth herein.

250.     11 U.S.C. § 548(a)(1)(A) provides that a trustee may "avoid any transfer … of an interest of the debtor in property, or any obligation … incurred by the debtor, that was made or incurred on or within 2 years before the date of filing of the petition, if the debtor voluntarily or involuntarily made such transfer or incurred such obligation with actual intent to hinder, delay, or defraud any entity to which the debtor was or became, on or after the date such transfer was made or such obligation was incurred, indebted."

251.     Within two (2) years of the Petition Date, the Debtor transferred $897,774.56 to Defendant, Blyskal (hereinafter, the "2 Year Transfers") or for the benefit of Blyskal.  A detail of the disbursements to Blyskal or for the benefit of Blyskal is incorporated by reference herein and attached hereto as Exhibit "I."

252.     The records of the Debtor do not reflect that the Debtor was ever obligated to Blyskal for any form of debt.

253.     The 2 Year Transfers constitute a "transfer of an interest of the debtor in property" under 11 U.S.C. § 548(a)(1)(A).

254.     The 2 Year Transfers were made by the Debtor with the actual intent to hinder, delay, or defraud any entity to which the Debtor was, or became, on or after the date the 2 Year Transfers were made or such obligation was incurred or indebted.

255.    On information and belief, the Trustee avers that Blyskal, as Chief Executive Officer of the Debtor was a key member in transferring the Debtor's corporate funds to CAS related entities.  Blyskal was further involved in perpetrating the scheme of defrauding patients by having them sign up for unnecessary credit financing and transferring those funds to CAS related entities.

256.    The Trustee is entitled to recover the 2 Year Transfers plus pre- and post-judgment interest thereon pursuant to § 550(a)(1).

**WHEREFORE**, by reason of the foregoing, and pursuant to 11 U.S.C. §§ 548 and 550, the 2 Year Transfers to Blyskal are avoidable and the Trustee requests judgment in his favor awarding him the recovery of the 2 Year Transfers, plus pre- and post-judgment interest, and any such other relief this Court may deem just, equitable and proper.

### COUNT XXIII
### Avoidance and Recovery of Fraudulent Transfers
### Under 11 U.S.C. §§ 548(a)(1)(B) and 550(a)(1) against Blyskal

257.    The Trustee incorporates by reference and realleges Paragraphs 1 through 80 of this Complaint as is fully set forth herein.

258.    11 U.S.C. § 548(a)(1)(B)(i-ii) provides that a trustee may "avoid any transfer … of an interest of the debtor in property, or any obligation … incurred by the debtor, that was made or incurred on or within 2 years before the date of filing of the petition, if the debtor voluntarily or involuntarily (i) received less than a reasonably equivalent value in exchange for such obligation; and (ii) was insolvent on the date that such transfer was made or such obligation was incurred, or became insolvent as a result of such transfer or obligation."

259.    Within two (2) years of the Petition Date, the Debtor made the 2 Year Transfers to Blyskal or for the benefit of Blyskal as set forth in Exhibit "I" attached hereto and incorporated herein.

260.     The records of the Debtor do not reflect that the Debtor was ever obligated to Blyskal for any form of debt.

261.     The 2 Year Transfers constitute a "transfer of an interest of the debtor in property" under 11 U.S.C. § 548(a)(1)(B).

262.     The Debtor voluntarily or involuntarily received less than a reasonably equivalent value in exchange for the 2 Year Transfers and the Debtor was insolvent on the dates that the 2 Year Transfers were made or such obligation was incurred, or became insolvent as a result of the 2 Year Transfers or obligation.

263.     The Trustee is entitled to recover the 2 Year Transfers plus pre- and post-judgment interest thereon pursuant to § 550(a)(1).

**WHEREFORE**, by reason of the foregoing, and pursuant to 11 U.S.C. §§ 544, 548, 550 and 551, the 2 Year Transfers to Defendant are avoidable and the Trustee therefore requests judgment in his favor awarding him the recovery of the 2 Year Transfers, plus pre- and post-judgment interest, and any other such relief this Court may deem just, equitable and proper.

### COUNT XXIV
### Avoidance and Recovery of Fraudulent Transfer Under
### 11 U.S.C. § 544(b), § 550(A)(1), and F.S.A. § 726.105(1)(a) against Blyskal

264.     The Trustee incorporates by reference and realleges Paragraphs 1 through 80 of this Complaint as if fully set forth herein, and further asserts:

265.     Pursuant to 11 U.S.C. § 544(b), the trustee may avoid any transfer of an interest of the debtor in property as of any obligation incurred by the debtor that is voidable under F.S.A. § 726.105(1)(a) for a period of four (4) years prior to filing of the debtor's bankruptcy.

266.     Within four (4) years of the Petition Date, the Debtor transferred to Blyskal or for the benefit of $1,349,527.62 (hereinafter, the "4 Year Transfers"). A detail of the disbursements

to Blyskal or for the benefit of Blyskal is incorporated by reference herein and attached hereto as Exhibit "J."

267.    On information and belief, the Trustee avers that Blyskal, as CFO of the Debtor was a key member in transferring the Debtor's corporate funds to CAS related entities. Blyskal was further involved in perpetrating the scheme of defrauding patients by having them sign up for unnecessary credit financing and transferring those funds to CAS related entities.

268.    The records of the Debtor do not reflect that the Debtor was ever obligated to Blyskal for any form of debt.

269.    The 4 Year Transfers were a transfer of property of the Debtor, an interest in property of the Debtor, or an obligation incurred by the Debtor, that was made or incurred before the Petition Date.

270.    Claims of creditors of the Debtor arose prior to and after the 4 Year Transfers being made by the Debtor to Blyskal or for the benefit of Blyskal.

271.    The 4 Year Transfers were made with the actual intent to hinder, delay, or defraud any creditor of the Debtor.

272.    The Trustee is entitled to recover the amount of the 4 Year Transfers plus pre- and post-judgment interest thereon pursuant to § 550(a)(1).

**WHEREFORE**, by reason of the foregoing, and pursuant to 11 U.S.C. §§ 544(b) and 550, as well as § 726.105, Florida Statutes, the Trustee therefore requests judgment in his favor awarding him the recovery of the 4 Year Transfers, plus pre- and post-judgment interest, and any other such relief this Court may deem just, equitable and proper.

<u>COUNT XXV</u>
<u>Avoidance and Recovery of Fraudulent Transfer</u>
<u>Under 11 U.S.C. § 544(b), § 550(A)(1), and F.S.A. § 726.105(1)(b) against Blyskal</u>

273.    The Trustee incorporates by reference and realleges Paragraphs 1 through 80 of this Complaint as if fully set forth herein, and further asserts:

274.    Pursuant to 11 U.S.C. § 544(b), the trustee may avoid any transfer of an interest of the debtor in property as of any obligation incurred by the debtor that is voidable under F.S.A. § 726.105(1)(b) for a period of four (4) years prior to filing of the debtor's bankruptcy.

275.    Within four (4) years of the Petition Date, the Debtor made the 4 Year Transfers to Blyskal or for the benefit of Blyskal as set forth in Exhibit "J" attached hereto and incorporated herein.

276.    The records of the Debtor do not reflect that the Debtor was ever obligated to Blyskal for any form of debt.

277.    The 4 Year Transfers were a transfer of property of the Debtor, an interest in the property of the Debtor, or an obligation incurred by the Debtor, that was made or incurred before the Petition Date.

278.    Claims of creditors of the Debtor arose prior to and after the date of the 4 Year Transfers made by the Debtor to Blyskal or for the benefit of Blyskal.

279.    The 4 Year Transfers were made without the Debtor having received reasonably equivalent value in exchange for the 4 Year Transfers, and the Debtor was:

    A.    engaged or was about to engage in a business or a transaction for which the remaining assets of the Debtor were unreasonably small in relation to the business or transaction; or

    B.    intended to incur, or believed or reasonably should have believed that it would incur, debts beyond its ability to pay as they became due.

280.     The Trustee is entitled to recover the monies in the amount of the 4 Year Transfers plus pre- and post-judgment interest thereon.

**WHEREFORE**, pursuant to 11 U.S.C. §§ 544(b) and 550(A)(1), as well as §726.105(1)(b), Florida Statutes, the Trustee requests judgment in his favor awarding him the recovery of the 4 Year Transfers, pre- and post-judgment interest, and any other such relief which this Court deems just, equitable and proper.

**COUNT XXVI**
**Avoidance and Recovery of Fraudulent Transfer Under**
**11 U.S.C. § 544(b), § 550(A)(1), and F.S.A. § 726.106 against Blyskal**

281.     The Trustee incorporates by reference and realleges Paragraphs 1 through 80 of this Complaint as if fully set forth herein, and further asserts:

282.     Pursuant to 11 U.S.C. § 544(b), the trustee may avoid any transfer of an interest of the debtor in property as of any obligation incurred by the debtor that is voidable under F.S.A. § 726.106 for a period of four (4) years prior to filing of the debtor's bankruptcy.

283.     Within four (4) years of the Petition Date, the Debtor made the 4 Year Transfers to Defendant or for the benefit of the Defendant as set forth in Exhibit "J" attached hereto and incorporated herein.

284.     The 4 Year Transfers were a transfer of the property of the Debtor, an interest in property of the Debtor, or an obligation incurred by the Debtor, that was made or incurred within four (4) years before the Petition Date.

285.     The records of the Debtor do not reflect that the Debtor was ever obligated to Blyskal for any form of debt.

286.     The Debtor received less than reasonably equivalent value in exchange for the 4 Year Transfers; and:

A.    was insolvent on the date the 4 Year Transfers were made or became insolvent as a result of the 4 Year Transfers;

B.    was engaged in business or transaction, or was about to engage in business or transaction, for which any property remaining with the Debtor was unreasonably small capital; or

C.    intended to incur, or believed that the Debtor would incur, debts that would be beyond the Debtor's ability to pay as such debts matured.

287.    At the time of the 4 Year Transfers, the Debtor had creditors whose claims arose prior to the date of the 4 Year Transfers.

288.    The Trustee is entitled to recover the monies in the amount of the 4 Year Transfers plus pre- and post-judgment interest thereon.

**WHEREFORE**, pursuant to 11 U.S.C. §§ 544(b) and 550, as well as § 726.106, Florida Statutes, the Trustee requests judgment in his favor awarding him the recovery of the 4 Year Transfers, pre- and post-judgment interest, and such other relief which this Court deems just, equitable and proper.

## COUNT XXVII
### Aiding and Abetting Breach of Fiduciary Duty against Blyskal

289.    The Trustee incorporates by reference and realleges Paragraphs 1 through 80 of this Complaint as is fully set forth herein.

290.    As CFO of the Debtor, Blyskal aided and abetted Piedra's breach of his principal fiduciary duty to the Debtor P.A. and its creditors.

291.    Specifically, Piedra, as principal, had a fiduciary duty to discharge his duties in good faith, with the care an ordinarily prudent officer or director in a like position would exercise and in a manner reasonably believed to be in the Debtor's best interest. Piedra further had a fiduciary duty not to utilize corporate funds in an improper manner.

292.    Piedra breached this duty by fraudulently getting patients to sign up for financing agreements for the sole purpose of transferring the advanced funds to CAS related entities. Once in receipt of the advanced funds, Piedra did not render many or all of the promised services, overbilled patients, and charged high cancellation rates to make it difficult for patients to back out of their treatment plans.

293.    Blyskal, in her capacity as CFO, knew of the breach of fiduciary duty on part of the primary wrongdoer and offered substantial assistance or encouragement of the wrongdoing by assisting in the signing up of patients for financing agreements, handled the receipt of advanced funds, and assisted in the transfer of these funds to CAS related entities. At all relevant times, as an officer of the Debtor, Blyskal was on notice and participated in the fraud.

294.    The foregoing breaches proximately caused damage to the Debtor and its creditors.

295.    Blyskal's aiding and abetting of Piedra was not privileged or justified.

**WHEREFORE**, by reason of the foregoing, the Trustee demands judgment against Blyskal, which damages include, but may not be limited to, the increased insolvency of the Debtor measured in part by the unpaid claims of the creditors of the Debtor resulting from the aiding and abetting by Blyskal of Piedra's breaches and/or the increased insolvency of the Debtor, plus pre- and post-judgment interest, and any such other relief as this Court deems just and proper.

## COUNT XXVIII
### Breach of Fiduciary Duty Against Blyskal

296.    The Trustee incorporates by reference and realleges Paragraphs 1 through 80 of this Complaint as is fully set forth herein.

297.    As an officer of the Debtor, specifically as CFO, Blyskal owed the Debtor and its creditors a fiduciary duty to discharge her duties in good faith, with the care an ordinarily prudent officer or director in a like position and in a manner reasonably believed to be in the

Debtor's best interests. This includes a duty to properly use corporate funds for the best interest of the Debtor.

298.    Blyskal exhibited a conscious and/or reckless disregard for the best interest of the Debtor, in relation to the facts and circumstances set forth herein. Indeed, the actions of Blyskal were neither intended to benefit Debtor nor actually caused short or long-term benefit to the Debtor.

299.    Blyskal breached her duties owed to the Debtor and its creditors with breaches that include, but that may not be necessarily be limited to, the following:

>    a.    Engaging in an improper and illegal scheme to defraud patience of advanced allotted funds and services, as alleged in more detail above;
>
>    b.    Engaging in highly questionable transferring of money to CAS related entities;
>
>    c.    Causing the Debtor to engage in fraudulent transfers, as alleged in more details above, and
>
>    d.    Other breaches to be determined through discovery/

300.    The foregoing acts and/or omissions demonstrate that Blyskal failed to perform her fiduciary duties.

301.    The foregoing acts and/or omissions of Blyskal were objectively unreasonable and served no rational business purpose.

302.    The foregoing breaches proximately caused damage to the Debtor P.A. and its creditors.

303.    The conduct of Blyskal was not privileged or justified.

**WHEREFORE**, by reason of the foregoing, the Trustee demands judgment against Blyskal, which damages include, but may not be limited to, the increased insolvency of the Debtor

measured in part by the unpaid claims of the creditors of the Debtor resulting from the above breaches and/or the increased insolvency of the Debtor, plus pre- and post-judgment interest, and any such other relief as this Court deems just and proper.

## COUNT XXIX
### Avoidance and Recovery of Fraudulent Transfers
### Under 11 U.S.C. §§ 548(a)(1)(A) and 550(a)(1) against Carr

304.    The Trustee incorporates by reference and realleges Paragraphs 1 through 80 of this Complaint as is fully set forth herein.

305.    11 U.S.C. § 548(a)(1)(A) provides that a trustee may "avoid any transfer ... of an interest of the debtor in property, or any obligation ... incurred by the debtor, that was made or incurred on or within 2 years before the date of filing of the petition, if the debtor voluntarily or involuntarily made such transfer or incurred such obligation with actual intent to hinder, delay, or defraud any entity to which the debtor was or became, on or after the date such transfer was made or such obligation was incurred, indebted."

306.    Within two (2) years of the Petition Date, the Debtor transferred $44,100.00 to Defendant, Carr (hereinafter, the "2 Year Transfers") or for the benefit of Carr.  A detail of the disbursements to Carr or for the benefit of Carr is incorporated by reference herein and attached hereto as Exhibit "K."

307.    The records of the Debtor do not reflect that the Debtor was ever obligated to Carr for any form of debt.

308.    The 2 Year Transfers constitute a "transfer of an interest of the debtor in property" under 11 U.S.C. § 548(a)(1)(A).

309.    The 2 Year Transfers were made by the Debtor with the actual intent to hinder, delay, or defraud any entity to which the Debtor was, or became, on or after the date the 2 Year Transfers were made or such obligation was incurred or indebted.

310.    The facts support the allegation that Debtor was purposefully transferring large sums of money to CAS related entities and individuals, including Carr through the corporate account. Carr is a high ranking official within the CAS and rendered CAS related services. The Debtor utilized fraudulent methods to gain certain amounts of money, which were then transferred over the CAS related individuals such as Carr.

311.    The Trustee is entitled to recover the 2 Year Transfers plus pre- and post-judgment interest thereon pursuant to § 550(a)(1).

**WHEREFORE**, by reason of the foregoing, and pursuant to 11 U.S.C. §§ 548 and 550, the 2 Year Transfers to Carr are avoidable and the Trustee requests judgment in his favor awarding him the recovery of the 2 Year Transfers, plus pre- and post-judgment interest, and any such other relief this Court may deem just, equitable and proper.

**COUNT XXX**
**Avoidance and Recovery of Fraudulent Transfers**
**Under 11 U.S.C. §§ 548(a)(1)(B) and 550(a)(1) against Carr**

312.    The Trustee incorporates by reference and realleges Paragraphs 1 through 80 of this Complaint as is fully set forth herein.

313.    11 U.S.C. § 548(a)(1)(B)(i-ii) provides that a trustee may "avoid any transfer … of an interest of the debtor in property, or any obligation … incurred by the debtor, that was made or incurred on or within 2 years before the date of filing of the petition, if the debtor voluntarily or involuntarily (i) received less than a reasonably equivalent value in exchange for such obligation; and (ii) was insolvent on the date that such transfer was made or such obligation was incurred, or became insolvent as a result of such transfer or obligation."

314.    Within two (2) years of the Petition Date, the Debtor made the 2 Year Transfers to Carr or for the benefit of Carr as set forth in Exhibit "K" attached hereto and incorporated herein.

315.    The records of the Debtor do not reflect that the Debtor was ever obligated to Carr for any form of debt.

316.    The 2 Year Transfers constitute a "transfer of an interest of the debtor in property" under 11 U.S.C. § 548(a)(1)(B).

317.    The Debtor voluntarily or involuntarily received less than a reasonably equivalent value in exchange for the 2 Year Transfers and the Debtor was insolvent on the dates that the 2 Year Transfers were made or such obligation was incurred, or became insolvent as a result of the 2 Year Transfers or obligation.

318.    The Trustee is entitled to recover the 2 Year Transfers plus pre- and post-judgment interest thereon pursuant to § 550(a)(1).

**WHEREFORE**, by reason of the foregoing, and pursuant to 11 U.S.C. §§ 544, 548, 550 and 551, the 2 Year Transfers to Carr are avoidable and the Trustee therefore requests judgment in his favor awarding him the recovery of the 2 Year Transfers, plus pre- and post-judgment interest, and any other such relief this Court may deem just, equitable and proper.

## COUNT XXXI
### Avoidance and Recovery of Fraudulent Transfer Under
### 11 U.S.C. § 544(b), § 550(A)(1), and F.S.A. § 726.105(1)(a) Against Carr

319.    The Trustee incorporates by reference and realleges Paragraphs 1 through 80 of this Complaint as if fully set forth herein, and further asserts:

320.    Pursuant to 11 U.S.C. § 544(b), the trustee may avoid any transfer of an interest of the debtor in property as of any obligation incurred by the debtor that is voidable under F.S.A. § 726.105(1)(a) for a period of four (4) years prior to filing of the debtor's bankruptcy.

321.    Within four (4) years of the Petition Date, the Debtor transferred to Carr or for the benefit of Carr $44,100.00 (hereinafter, the "4 Year Transfers"). A detail of the disbursements to

Carr or for the benefit of Carr is incorporated by reference herein and attached hereto as Exhibit "K."

322.    The facts support the allegation that Debtor was purposefully transferring large sums of money to CAS related entities and individuals, including Carr, through the corporate account. The Debtor utilized fraudulent methods to gain certain amounts of money, which were then transferred over to the CAS affiliated individuals such as Carr.

323.    The records of the Debtor do not reflect that the Debtor was ever obligated to Carr for any form of debt.

324.    The 4 Year Transfers were a transfer of property of the Debtor, an interest in property of the Debtor, or an obligation incurred by the Debtor, that was made or incurred before the Petition Date.

325.    Claims of creditors of the Debtor arose prior to and after the 4 Year Transfers being made by the Debtor to Carr or for the benefit of Carr.

326.    The 4 Year Transfers were made with the actual intent to hinder, delay, or defraud any creditor of the Debtor.

327.    The Trustee is entitled to recover the amount of the 4 Year Transfers plus pre- and post-judgment interest thereon pursuant to § 550(a)(1).

**WHEREFORE**, by reason of the foregoing, and pursuant to 11 U.S.C. §§ 544(b) and 550, as well as § 726.105, Florida Statutes, the Trustee therefore requests judgment in his favor awarding him the recovery of the 4 Year Transfers, plus pre- and post-judgment interest, and any other such relief this Court may deem just, equitable and proper.

## COUNT XXXII
## Avoidance and Recovery of Fraudulent Transfer Under
## 11 U.S.C. § 544(b), § 550(A)(1), and F.S.A. § 726.105(1)(b) against Carr

328.     The Trustee incorporates by reference and realleges Paragraphs 1 through 80 of this Complaint as if fully set forth herein, and further asserts:

329.     Pursuant to 11 U.S.C. § 544(b), the trustee may avoid any transfer of an interest of the debtor in property as of any obligation incurred by the debtor that is voidable under F.S.A. § 726.105(1)(b) for a period of four (4) years prior to filing of the debtor's bankruptcy.

330.     Within four (4) years of the Petition Date, the Debtor made the 4 Year Transfers to Carr or for the benefit of Carr as set forth in Exhibit "K" attached hereto and incorporated herein.

331.     The records of the Debtor do not reflect that the Debtor was ever obligated to Carr for any form of debt.

332.     The 4 Year Transfers were a transfer of property of the Debtor, an interest in the property of the Debtor, or an obligation incurred by the Debtor, that was made or incurred before the Petition Date.

333.     Claims of creditors of the Debtor arose prior to and after the date of the 4 Year Transfers made by the Debtor to Carr or for the benefit of Carr.

334.     The 4 Year Transfers were made without the Debtor having received reasonably equivalent value in exchange for the 4 Year Transfers, and the Debtor was:

     A.     engaged or was about to engage in a business or a transaction for which the remaining assets of the Debtor were unreasonably small in relation to the business or transaction; or

     B.     intended to incur, or believed or reasonably should have believed that it would incur, debts beyond its ability to pay as they became due.

335.    The Trustee is entitled to recover the monies in the amount of the 4 Year Transfers plus pre- and post-judgment interest thereon.

**WHEREFORE**, pursuant to 11 U.S.C. §§ 544(b) and 550(A)(1), as well as §726.105(1)(b), Florida Statutes, the Trustee requests judgment in his favor awarding him the recovery of the 4 Year Transfers, pre- and post-judgment interest, and any other such relief which this Court deems just, equitable and proper.

**COUNT XXXIII**
**Avoidance and Recovery of Fraudulent Transfer Under**
**11 U.S.C. § 544(b), § 550(A)(1), and F.S.A. § 726.106 against Carr**

336.    The Trustee incorporates by reference and realleges Paragraphs 1 through 80 of this Complaint as if fully set forth herein, and further asserts:

337.    Pursuant to 11 U.S.C. § 544(b), the trustee may avoid any transfer of an interest of the debtor in property as of any obligation incurred by the debtor that is voidable under F.S.A. § 726.106 for a period of four (4) years prior to filing of the debtor's bankruptcy.

338.    Within four (4) years of the Petition Date, the Debtor made the 4 Year Transfers to Carr or for the benefit of Carr as set forth in Exhibit "K" attached hereto and incorporated herein.

339.    The 4 Year Transfers were a transfer of the property of the Debtor, an interest in property of the Debtor, or an obligation incurred by the Debtor, that was made or incurred within four (4) years before the Petition Date.

340.    The records of the Debtor do not reflect that the Debtor was ever obligated to Carr for any form of debt.

341.    The Debtor received less than reasonably equivalent value in exchange for the 4 Year Transfers; and:

      A.     was insolvent on the date the 4 Year Transfers were made or became insolvent as a result of the 4 Year Transfers;

      B.     was engaged in business or transaction, or was about to engage in business or transaction, for which any property remaining with the Debtor was unreasonably small capital; or

      C.     intended to incur, or believed that the Debtor would incur, debts that would be beyond the Debtor's ability to pay as such debts matured.

342.     At the time of the 4 Year Transfers, the Debtor had creditors whose claims arose prior to the date of the 4 Year Transfers.

343.     The Trustee is entitled to recover the monies in the amount of the 4 Year Transfers plus pre- and post-judgment interest thereon.

**WHEREFORE**, pursuant to 11 U.S.C. §§ 544(b) and 550, as well as § 726.106, Florida Statutes, the Trustee requests judgment in his favor awarding him the recovery of the 4 Year Transfers, pre- and post-judgment interest, and such other relief which this Court deems just, equitable and proper.

**COUNT XXXIV**
**Avoidance and Recovery of Fraudulent Transfers Under**
**11 U.S.C. §§ 548(a)(1)(A) and 550(a)(1) against Second Chance**

344.     The Trustee incorporates by reference and realleges Paragraphs 1 through 80 of this Complaint as is fully set forth herein.

345.     11 U.S.C. § 548(a)(1)(A) provides that a trustee may "avoid any transfer … of an interest of the debtor in property, or any obligation … incurred by the debtor, that was made or incurred on or within 2 years before the date of filing of the petition, if the debtor voluntarily or involuntarily made such transfer or incurred such obligation with actual intent to hinder, delay,

or defraud any entity to which the debtor was or became, on or after the date such transfer was made or such obligation was incurred, indebted."

346.    Within two (2) years of the Petition Date, the Debtor transferred $2,300.00 to Defendant, Second Chance, (hereinafter, the "2 Year Transfers") or for the benefit of the Second Chance.  A detail of the disbursements to Second Chance or for the benefit of Second Chance is incorporated by reference herein and attached hereto as Exhibit "L."

347.    The records of the Debtor do not reflect that the Debtor was ever obligated to Second Chance for any form of debt.

348.    The 2 Year Transfers constitute a "transfer of an interest of the debtor in property" under 11 U.S.C. § 548(a)(1)(A).

349.    The 2 Year Transfers were made by the Debtor with the actual intent to hinder, delay, or defraud any entity to which the Debtor was, or became, on or after the date the 2 Year Transfers were made or such obligation was incurred or indebted.

350.    The facts support the allegation that Debtor was purposefully transferring large sums of money to CAS related entities, including Second Chance, through the corporate account. The Debtor utilized fraudulent methods to gain certain amounts of money, which were then transferred over to CAS related entities such as Second Chance.

351.    The Trustee is entitled to recover the 2 Year Transfers plus pre- and post-judgment interest thereon pursuant to § 550(a)(1).

**WHEREFORE**, by reason of the foregoing, and pursuant to 11 U.S.C. §§ 548 and 550, the 2 Year Transfers to Second Chance are avoidable and the Trustee requests judgment in his favor awarding him the recovery of the 2 Year Transfers, plus pre- and post-judgment interest, and any such other relief this Court may deem just, equitable and proper.

**COUNT XXXV**
**Avoidance and Recovery of Fraudulent Transfers Under**
**11 U.S.C. §§ 548(a)(1)(B) and 550(a)(1) against Second Chance**

352.     The Trustee incorporates by reference and realleges Paragraphs 1 through 80 of this Complaint as is fully set forth herein.

353.     11 U.S.C. § 548(a)(1)(B)(i-ii) provides that a trustee may "avoid any transfer ... of an interest of the debtor in property, or any obligation ... incurred by the debtor, that was made or incurred on or within 2 years before the date of filing of the petition, if the debtor voluntarily or involuntarily (i) received less than a reasonably equivalent value in exchange for such obligation; and (ii) was insolvent on the date that such transfer was made or such obligation was incurred, or became insolvent as a result of such transfer or obligation."

354.     Within two (2) years of the Petition Date, the Debtor made the 2 Year Transfers to Second Chance or for the benefit of Second Chance as set forth in Exhibit "L" attached hereto and incorporated herein.

355.     The records of the Debtor do not reflect that the Debtor was ever obligated to Second Chance for any form of debt.

356.     The 2 Year Transfers constitute a "transfer of an interest of the debtor in property" under 11 U.S.C. § 548(a)(1)(B).

357.     The Debtor voluntarily or involuntarily received less than a reasonably equivalent value in exchange for the 2 Year Transfers and the Debtor was insolvent on the dates that the 2 Year Transfers were made or such obligation was incurred, or became insolvent as a result of the 2 Year Transfers or obligation.

358.     The Trustee is entitled to recover the 2 Year Transfers plus pre- and post-judgment interest thereon pursuant to § 550(a)(1).

**WHEREFORE**, by reason of the foregoing, and pursuant to 11 U.S.C. §§ 544, 548, 550 and 551, the 2 Year Transfers to Second Chance are avoidable and the Trustee therefore requests judgment in his favor awarding him the recovery of the 2 Year Transfers, plus pre- and post-judgment interest, and any other such relief this Court may deem just, equitable and proper.

**COUNT XXXVI**
**Avoidance and Recovery of Fraudulent Transfer Under**
**11 U.S.C. § 544(b), § 550(A)(1), and F.S.A. § 726.105(1)(a) against Second Chance**

359.    The Trustee incorporates by reference and realleges Paragraphs 1 through 80 of this Complaint as if fully set forth herein, and further asserts:

360.    Pursuant to 11 U.S.C. § 544(b), the trustee may avoid any transfer of an interest of the debtor in property as of any obligation incurred by the debtor that is voidable under F.S.A. § 726.105(1)(a) for a period of four (4) years prior to filing of the debtor's bankruptcy.

361.    Within four (4) years of the Petition Date, the Debtor transferred to Second Chance or for the benefit of Second Chance $11,800.00 (hereinafter, the "4 Year Transfers"). A detail of the disbursements to Second Chance or for the benefit of Second Chance is incorporated by reference herein and attached hereto as Exhibit "M."

362.    The facts support the allegation that Debtor was purposefully transferring large sums of money to CAS related entities, including Second Chance, through the corporate account. The Debtor utilized fraudulent methods to gain certain amounts of money, which were then transferred over the CAS related entities, including Second Chance.

363.    The records of the Debtor do not reflect that the Debtor was ever obligated to Second Chance for any form of debt.

364.    The 4 Year Transfers were a transfer of property of the Debtor, an interest in property of the Debtor, or an obligation incurred by the Debtor, that was made or incurred before the Petition Date.

365.      Claims of creditors of the Debtor arose prior to and after the 4 Year Transfers being made by the Debtor to Second Chance or for the benefit of Second Chance.

366.      The 4 Year Transfers were made with the actual intent to hinder, delay, or defraud any creditor of the Debtor.

367.      The Trustee is entitled to recover the amount of the 4 Year Transfers plus pre- and post-judgment interest thereon pursuant to § 550(a)(1).

**WHEREFORE**, by reason of the foregoing, and pursuant to 11 U.S.C. §§ 544(b) and 550, as well as § 726.105, Florida Statutes, the Trustee therefore requests judgment in his favor awarding him the recovery of the 4 Year Transfers, plus pre- and post-judgment interest, and any other such relief this Court may deem just, equitable and proper.

### COUNT XXXVII
### Avoidance and Recovery of Fraudulent Transfer Under
### 11 U.S.C. § 544(b), § 550(A)(1), and F.S.A. § 726.105(1)(b) against Second Chance

368.      The Trustee incorporates by reference and realleges Paragraphs 1 through 80 of this Complaint as if fully set forth herein, and further asserts:

369.      Pursuant to 11 U.S.C. § 544(b), the trustee may avoid any transfer of an interest of the debtor in property as of any obligation incurred by the debtor that is voidable under F.S.A. § 726.105(1)(b) for a period of four (4) years prior to filing of the debtor's bankruptcy.

370.      Within four (4) years of the Petition Date, the Debtor made the 4 Year Transfers to Second Chance or for the benefit of Second Chance as set forth in Exhibit "M" attached hereto and incorporated herein.

371.      The records of the Debtor do not reflect that the Debtor was ever obligated to Second Chance for any form of debt.

372.      The 4 Year Transfers were a transfer of property of the Debtor, an interest in the property of the Debtor, or an obligation incurred by the Debtor, that was made or incurred before the Petition Date.

373.      Claims of creditors of the Debtor arose prior to and after the date of the 4 Year Transfers made by the Debtor to Second Chance or for the benefit of Second Chance.

374.      The 4 Year Transfers were made without the Debtor having received reasonably equivalent value in exchange for the 4 Year Transfers, and the Debtor was:

      A.      engaged or was about to engage in a business or a transaction for which the remaining assets of the Debtor were unreasonably small in relation to the business or transaction; or

      B.      intended to incur, or believed or reasonably should have believed that it would incur, debts beyond its ability to pay as they became due.

375.      The Trustee is entitled to recover the monies in the amount of the 4 Year Transfers plus pre- and post-judgment interest thereon.

**WHEREFORE**, pursuant to 11 U.S.C. §§ 544(b) and 550(A)(1), as well as §726.105(1)(b), Florida Statutes, the Trustee requests judgment in his favor awarding him the recovery of the 4 Year Transfers, pre- and post-judgment interest, and any other such relief which this Court deems just, equitable and proper.

**COUNT XXXVIII**
**Avoidance and Recovery of Fraudulent Transfer Under**
**11 U.S.C. § 544(b), § 550(A)(1), and F.S.A. § 726.106 against Second Chance**

376.      The Trustee incorporates by reference and realleges Paragraphs 1 through 80 of this Complaint as if fully set forth herein, and further asserts:

377.    Pursuant to 11 U.S.C. § 544(b), the trustee may avoid any transfer of an interest of the debtor in property as of any obligation incurred by the debtor that is voidable under F.S.A. § 726.106 for a period of four (4) years prior to filing of the debtor's bankruptcy.

378.    Within four (4) years of the Petition Date, the Debtor made the 4 Year Transfers to Second Chance or for the benefit of Second Chance as set forth in Exhibit "M" attached hereto and incorporated herein.

379.    The 4 Year Transfers were a transfer of the property of the Debtor, an interest in property of the Debtor, or an obligation incurred by the Debtor, that was made or incurred within four (4) years before the Petition Date.

380.    The records of the Debtor do not reflect that the Debtor was ever obligated to Second Chance for any form of debt.

381.    The Debtor received less than reasonably equivalent value in exchange for the 4 Year Transfers; and:

A.    was insolvent on the date the 4 Year Transfers were made or became insolvent as a result of the 4 Year Transfers;

B.    was engaged in business or transaction, or was about to engage in business or transaction, for which any property remaining with the Debtor was unreasonably small capital; or

C.    intended to incur, or believed that the Debtor would incur, debts that would be beyond the Debtor's ability to pay as such debts matured.

382.    At the time of the 4 Year Transfers, the Debtor had creditors whose claims arose prior to the date of the 4 Year Transfers.

383.    The Trustee is entitled to recover the monies in the amount of the 4 Year Transfers plus pre- and post-judgment interest thereon.

**WHEREFORE**, pursuant to 11 U.S.C. §§ 544(b) and 550, as well as § 726.106, Florida Statutes, the Trustee requests judgment in his favor awarding him the recovery of the 4 Year Transfers, pre- and post-judgment interest, and such other relief which this Court deems just, equitable and proper.

## COUNT XXXIX
### Avoidance and Recovery of Fraudulent Transfers
### Under 11 U.S.C. §§ 548(a)(1)(A) and 550(a)(1) against Keene

384.    The Trustee incorporates by reference and realleges Paragraphs 1 through 80 of this Complaint as is fully set forth herein.

385.    11 U.S.C. § 548(a)(1)(A) provides that a trustee may "avoid any transfer ... of an interest of the debtor in property, or any obligation ... incurred by the debtor, that was made or incurred on or within 2 years before the date of filing of the petition, if the debtor voluntarily or involuntarily made such transfer or incurred such obligation with actual intent to hinder, delay, or defraud any entity to which the debtor was or became, on or after the date such transfer was made or such obligation was incurred, indebted."

386.    Within two (2) years of the Petition Date, the Debtor transferred $43,800.00 to Defendant, Keene (hereinafter, the "2 Year Transfers") or for the benefit of Keene. A detail of the disbursements to Keene or for the benefit of Keene is incorporated by reference herein and attached hereto as Exhibit "N."

387.    The records of the Debtor do not reflect that the Debtor was ever obligated to Keene for any form of debt.

388.    The 2 Year Transfers constitute a "transfer of an interest of the debtor in property" under 11 U.S.C. § 548(a)(1)(A).

389.    The 2 Year Transfers were made by the Debtor with the actual intent to hinder, delay, or defraud any entity to which the Debtor was, or became, on or after the date the 2 Year Transfers were made or such obligation was incurred or indebted.

390.    The facts support the allegation that Debtor was purposefully transferring large sums of money to CAS affiliated entities and individuals, including Keene, through the corporate account.  The Debtor utilized fraudulent methods to gain certain amounts of money, which were then transferred over the CAS affiliated individuals.  Keene was a high ranking official within the CAS.

391.    The Trustee is entitled to recover the 2 Year Transfers plus pre- and post-judgment interest thereon pursuant to § 550(a)(1).

**WHEREFORE**, by reason of the foregoing, and pursuant to 11 U.S.C. §§ 548 and 550, the 2 Year Transfers to Keene are avoidable and the Trustee requests judgment in his favor awarding him the recovery of the 2 Year Transfers, plus pre- and post-judgment interest, and any such other relief this Court may deem just, equitable and proper.

**COUNT XL**
**Avoidance and Recovery of Fraudulent Transfers Under**
**11 U.S.C. §§ 548(a)(1)(B) and 550(a)(1) Against Keene**

392.    The Trustee incorporates by reference and realleges Paragraphs 1 through 80 of this Complaint as is fully set forth herein.

393.    11 U.S.C. § 548(a)(1)(B)(i-ii) provides that a trustee may "avoid any transfer … of an interest of the debtor in property, or any obligation … incurred by the debtor, that was made or incurred on or within 2 years before the date of filing of the petition, if the debtor voluntarily or involuntarily (i) received less than a reasonably equivalent value in exchange for such obligation; and (ii) was insolvent on the date that such transfer was made or such obligation was incurred, or became insolvent as a result of such transfer or obligation."

394.     Within two (2) years of the Petition Date, the Debtor made the 2 Year Transfers to Keene or for the benefit of Keene as set forth in Exhibit "N" attached hereto and incorporated herein.

395.     The records of the Debtor do not reflect that the Debtor was ever obligated to Keene for any form of debt.

396.     The 2 Year Transfers constitute a "transfer of an interest of the debtor in property" under 11 U.S.C. § 548(a)(1)(B).

397.     The Debtor voluntarily or involuntarily received less than a reasonably equivalent value in exchange for the 2 Year Transfers and the Debtor was insolvent on the dates that the 2 Year Transfers were made or such obligation was incurred, or became insolvent as a result of the 2 Year Transfers or obligation.

398.     The Trustee is entitled to recover the 2 Year Transfers plus pre- and post-judgment interest thereon pursuant to § 550(a)(1).

**WHEREFORE**, by reason of the foregoing, and pursuant to 11 U.S.C. §§ 544, 548, 550 and 551, the 2 Year Transfers to Keene are avoidable and the Trustee therefore requests judgment in his favor awarding him the recovery of the 2 Year Transfers, plus pre- and post-judgment interest, and any other such relief this Court may deem just, equitable and proper.

### COUNT XLI
### Avoidance and Recovery of Fraudulent Transfer Under
### 11 U.S.C. § 544(b), § 550(A)(1), and F.S.A. § 726.105(1)(a) against Keene

399.     The Trustee incorporates by reference and realleges Paragraphs 1 through 80 of this Complaint as if fully set forth herein, and further asserts:

400.     Pursuant to 11 U.S.C. § 544(b), the trustee may avoid any transfer of an interest of the debtor in property as of any obligation incurred by the debtor that is voidable under F.S.A. § 726.105(1)(a) for a period of four (4) years prior to filing of the debtor's bankruptcy.

401.    Within four (4) years of the Petition Date, the Debtor transferred to Keene or for the benefit of the Keene $43,800.00 (hereinafter, the "4 Year Transfers").    A detail of the disbursements to Keene or for the benefit of Keene is incorporated by reference herein and attached hereto as Exhibit "N."

402.    The facts support the allegation that Debtor was purposefully transferring large sums of money to CAS affiliated entities and individuals, including Keene, through the corporate account.  The Debtor utilized fraudulent methods to gain certain amounts of money, which were then transferred over the CAS affiliated individuals.  Keene is a high ranking official within the CAS.

403.    The records of the Debtor do not reflect that the Debtor was ever obligated to Keene for any form of debt.

404.    The 4 Year Transfers were a transfer of property of the Debtor, an interest in property of the Debtor, or an obligation incurred by the Debtor, that was made or incurred before the Petition Date.

405.    Claims of creditors of the Debtor arose prior to and after the 4 Year Transfers being made by the Debtor to Keene or for the benefit of Keene.

406.    The 4 Year Transfers were made with the actual intent to hinder, delay, or defraud any creditor of the Debtor.

407.    The Trustee is entitled to recover the amount of the 4 Year Transfers plus pre- and post-judgment interest thereon pursuant to § 550(a)(1).

**WHEREFORE**, by reason of the foregoing, and pursuant to 11 U.S.C. §§ 544(b) and 550, as well as § 726.105, Florida Statutes, the Trustee therefore requests judgment in his favor awarding him the recovery of the 4 Year Transfers, plus pre- and post-judgment interest, and any other such relief this Court may deem just, equitable and proper.

**COUNT XLII**
**Avoidance and Recovery of Fraudulent Transfer Under**
**11 U.S.C. § 544(b), § 550(A)(1), and F.S.A. § 726.105(1)(b) Against Keene**

408.        The Trustee incorporates by reference and realleges Paragraphs 1 through 80 of this Complaint as if fully set forth herein, and further asserts:

409.        Pursuant to 11 U.S.C. § 544(b), the trustee may avoid any transfer of an interest of the debtor in property as of any obligation incurred by the debtor that is voidable under F.S.A. § 726.105(1)(b) for a period of four (4) years prior to filing of the debtor's bankruptcy.

410.        Within four (4) years of the Petition Date, the Debtor made the 4 Year Transfers to Keene or for the benefit of Keene as set forth in Exhibit "N" attached hereto and incorporated herein.

411.        The records of the Debtor do not reflect that the Debtor was ever obligated to Keene for any form of debt.

412.        The 4 Year Transfers were a transfer of property of the Debtor, an interest in the property of the Debtor, or an obligation incurred by the Debtor, that was made or incurred before the Petition Date.

413.        Claims of creditors of the Debtor arose prior to and after the date of the 4 Year Transfers made by the Debtor to Keene or for the benefit of Keene.

414.        The 4 Year Transfers were made without the Debtor having received reasonably equivalent value in exchange for the 4 Year Transfers, and the Debtor was:

      A.        engaged or was about to engage in a business or a transaction for which the remaining assets of the Debtor were unreasonably small in relation to the business or transaction; or

      B.        intended to incur, or believed or reasonably should have believed that it would incur, debts beyond its ability to pay as they became due.

415.     The Trustee is entitled to recover the monies in the amount of the 4 Year Transfers plus pre- and post-judgment interest thereon.

**WHEREFORE**, pursuant to 11 U.S.C. §§ 544(b) and 550(A)(1), as well as §726.105(b), Florida Statutes, the Trustee requests judgment in his favor awarding him the recovery of the 4 Year Transfers, pre- and post-judgment interest, and any other such relief which this Court deems just, equitable and proper.

**COUNT XLIII**
**Avoidance and Recovery of Fraudulent Transfer Under**
**11 U.S.C. § 544(b), § 550(A)(1), and F.S.A. § 726.106 Against Keene**

416.     The Trustee incorporates by reference and realleges Paragraphs 1 through 80 of this Complaint as if fully set forth herein, and further asserts:

417.     Pursuant to 11 U.S.C. § 544(b), the trustee may avoid any transfer of an interest of the debtor in property as of any obligation incurred by the debtor that is voidable under F.S.A. § 726.106 for a period of four (4) years prior to filing of the debtor's bankruptcy.

418.     Within four (4) years of the Petition Date, the Debtor made the 4 Year Transfers to Defendant, Keene or for the benefit of Keene as set forth in Exhibit "N" attached hereto and incorporated herein.

419.     The 4 Year Transfers were a transfer of the property of the Debtor, an interest in property of the Debtor, or an obligation incurred by the Debtor, that was made or incurred within four (4) years before the Petition Date.

420.     The records of the Debtor do not reflect that the Debtor was ever obligated to Keene for any form of debt.

421.     The Debtor received less than reasonably equivalent value in exchange for the 4 Year Transfers; and:

A.      was insolvent on the date the 4 Year Transfers were made or became insolvent as a result of the 4 Year Transfers;

B.      was engaged in business or transaction, or was about to engage in business or transaction, for which any property remaining with the Debtor was unreasonably small capital; or

C.      intended to incur, or believed that the Debtor would incur, debts that would be beyond the Debtor's ability to pay as such debts matured.

422.      At the time of the 4 Year Transfers, the Debtor had creditors whose claims arose prior to the date of the 4 Year Transfers.

423.      The Trustee is entitled to recover the monies in the amount of the 4 Year Transfers plus pre- and post-judgment interest thereon.

**WHEREFORE**, pursuant to 11 U.S.C. §§ 544(b) and 550, as well as § 726.106, Florida Statutes, the Trustee requests judgment in his favor awarding him the recovery of the 4 Year Transfers, pre- and post-judgment interest, and such other relief which this Court deems just, equitable and proper.

## COUNT XLIV
### Aiding and Abetting Breach of Fiduciary Duty against Keene

424.      The Trustee incorporates by reference and realleges Paragraphs 1 through 80 of this Complaint as is fully set forth herein.

425.      As a high level employee and independent contractor of the Debtor, Keene, aided and abetted Piedra's breach of his principal fiduciary duty to the Debtor P.A. and its creditors.

426.      Specifically, Piedra, as principal, had a fiduciary duty to discharge his duties in good faith, with the care an ordinarily prudent officer or director in a like position would exercise and in a manner reasonably believed to be in the Debtor's best interest. Piedra further had a fiduciary duty not to utilize corporate funds in an improper manner.

427.    Piedra breached this duty by fraudulently getting patients to sign up for financing agreements for the sole purpose of transferring the advanced funds to CAS related entities. Once in receipt of the advanced funds, Piedra did not render many or all of the promised services, overbilled patients, and charged high cancellation rates to make it difficult for patients to back out of their treatment plans.

428.    Keene, in her capacity as a high level employee, knew of the breach of fiduciary duty on part of the primary wrongdoer and offered substantial assistance or encouragement of the wrongdoing by assisting in the signing up of patients for financing agreements, scheduling patient appointments, and doing analysis of various areas in the office. She even talked to patients who were having troubles scheduling or canceling their dental appointments. She further assisted in working with employees in getting new patients into the office. Her direct involvement in the every day operations of the Debtor and the fact that she had direct access to all patient records and the dental computer support the fact that she was on notice and participated in the fraud against patients and transferring funds to CAS related entities.

429.    Further, as a high ranking official of the Church of Scientology Kansas City, she also participated in the transferring of various sums of the Debtor's corporate funds to CAS related entities.

430.    The foregoing breaches proximately caused damage to the Debtor and its creditors.

431.    Keene's aiding and abetting of Piedra was not privileged or justified.

**WHEREFORE**, by reason of the foregoing, the Trustee demands judgment against Keene, which damages include, but may not be limited to, the increased insolvency of the Debtor measured in part by the unpaid claims of the creditors of the Debtor resulting from the aiding and

abetting by Keene of Piedra's breaches and/or the increased insolvency of the Debtor, plus pre- and post-judgment interest, and any such other relief as this Court deems just and proper.

## COUNT XLV
### Avoidance and Recovery of Fraudulent Transfers
### Under 11 U.S.C. §§ 548(a)(1)(A) and 550(a)(1) against MGE

432.      The Trustee incorporates by reference and realleges Paragraphs 1 through 80 of this Complaint as is fully set forth herein.

433.      11 U.S.C. § 548(a)(1)(A) provides that a trustee may "avoid any transfer … of an interest of the debtor in property, or any obligation … incurred by the debtor, that was made or incurred on or within 2 years before the date of filing of the petition, if the debtor voluntarily or involuntarily made such transfer or incurred such obligation with actual intent to hinder, delay, or defraud any entity to which the debtor was or became, on or after the date such transfer was made or such obligation was incurred, indebted."

434.      Within two (2) years of the Petition Date, the Debtor transferred $8,375.00 to Defendant, MGE (hereinafter, the "2 Year Transfers") or for the benefit of MGE.  A detail of the disbursements to MGE or for the benefit of MGE is incorporated by reference herein and attached hereto as Exhibit "O."

435.      The records of the Debtor do not reflect that the Debtor was ever obligated to MGE for any form of debt.

436.      The 2 Year Transfers constitute a "transfer of an interest of the debtor in property" under 11 U.S.C. § 548(a)(1)(A).

437.      The 2 Year Transfers were made by the Debtor with the actual intent to hinder, delay, or defraud any entity to which the Debtor was, or became, on or after the date the 2 Year Transfers were made or such obligation was incurred or indebted.

438.    The facts support the allegation that Debtor was purposefully transferring large sums of money to CAS related entities, including MGE, through the corporate account. The Debtor utilized fraudulent methods to gain certain amounts of money, which were then transferred over the CAS related entities such as MGE.

439.    The Trustee is entitled to recover the 2 Year Transfers plus pre- and post-judgment interest thereon pursuant to § 550(a)(1).

**WHEREFORE**, by reason of the foregoing, and pursuant to 11 U.S.C. §§ 548 and 550, the 2 Year Transfers to Defendants are avoidable and the Trustee requests judgment in his favor awarding him the recovery of the 2 Year Transfers, plus pre- and post-judgment interest, and any such other relief this Court may deem just, equitable and proper.

### COUNT XLVI
### Avoidance and Recovery of Fraudulent Transfers
### Under 11 U.S.C. §§ 548(a)(1)(B) and 550(a)(1) against MGE

440.    The Trustee incorporates by reference and realleges Paragraphs 1 through 80 of this Complaint as is fully set forth herein.

441.    11 U.S.C. § 548(a)(1)(B)(i-ii) provides that a trustee may "avoid any transfer … of an interest of the debtor in property, or any obligation … incurred by the debtor, that was made or incurred on or within 2 years before the date of filing of the petition, if the debtor voluntarily or involuntarily (i) received less than a reasonably equivalent value in exchange for such obligation; and (ii) was insolvent on the date that such transfer was made or such obligation was incurred, or became insolvent as a result of such transfer or obligation."

442.    Within two (2) years of the Petition Date, the Debtor made the 2 Year Transfers to MGE or for the benefit of MGE as set forth in Exhibit "O" attached hereto and incorporated herein.

443.    The records of the Debtor do not reflect that the Debtor was ever obligated to MGE for any form of debt.

444.    The 2 Year Transfers constitute a "transfer of an interest of the debtor in property" under 11 U.S.C. § 548(a)(1)(B).

445.    The Debtor voluntarily or involuntarily received less than a reasonably equivalent value in exchange for the 2 Year Transfers and the Debtor was insolvent on the dates that the 2 Year Transfers were made or such obligation was incurred, or became insolvent as a result of the 2 Year Transfers or obligation.

446.    The Trustee is entitled to recover the 2 Year Transfers plus pre- and post-judgment interest thereon pursuant to § 550(a)(1).

**WHEREFORE**, by reason of the foregoing, and pursuant to 11 U.S.C. §§ 544, 548, 550 and 551, the 2 Year Transfers to MGE are avoidable and the Trustee therefore requests judgment in his favor awarding him the recovery of the 2 Year Transfers, plus pre- and post-judgment interest, and any other such relief this Court may deem just, equitable and proper.

## COUNT XLVII
### Avoidance and Recovery of Fraudulent Transfer Under
### 11 U.S.C. § 544(b), § 550(A)(1), and F.S.A. § 726.105(1)(a) against MGE

447.    The Trustee incorporates by reference and realleges Paragraphs 1 through 80 of this Complaint as if fully set forth herein, and further asserts:

448.    Pursuant to 11 U.S.C. § 544(b), the trustee may avoid any transfer of an interest of the debtor in property as of any obligation incurred by the debtor that is voidable under F.S.A. § 726.105(1)(a) for a period of four (4) years prior to filing of the debtor's bankruptcy.

449.    Within four (4) years of the Petition Date, the Debtor transferred to MGE or for the benefit of MGE, $127,121.48 (hereinafter, the "4 Year Transfers").    A detail of the

disbursements to MGE or for the benefit of MGE is incorporated by reference herein and attached hereto as Exhibit "P."

450.    The facts support the allegation that Debtor was purposefully transferring large sums of money to CAS related entities, including MGE, through the corporate account. The Debtor utilized fraudulent methods to gain certain amounts of money, which were then transferred over the CAS related entities such as MGE.

451.    The records of the Debtor do not reflect that the Debtor was ever obligated to MGE for any form of debt.

452.    The 4 Year Transfers were a transfer of property of the Debtor, an interest in property of the Debtor, or an obligation incurred by the Debtor, that was made or incurred before the Petition Date.

453.    Claims of creditors of the Debtor arose prior to and after the 4 Year Transfers being made by the Debtor to MGE or for the benefit of MGE.

454.    The 4 Year Transfers were made with the actual intent to hinder, delay, or defraud any creditor of the Debtor.

455.    The Trustee is entitled to recover the amount of the 4 Year Transfers plus pre- and post-judgment interest thereon pursuant to § 550(a)(1).

**WHEREFORE**, by reason of the foregoing, and pursuant to 11 U.S.C. §§ 544(b) and 550, as well as § 726.105, Florida Statutes, the Trustee therefore requests judgment in his favor awarding him the recovery of the 4 Year Transfers, plus pre- and post-judgment interest, and any other such relief this Court may deem just, equitable and proper.