## COUNT XLVIII
### Avoidance and Recovery of Fraudulent Transfer Under
### 11 U.S.C. § 544(b), § 550(A)(1), and F.S.A. § 726.105(1)(b) against MGE

456.    The Trustee incorporates by reference and realleges Paragraphs 1 through 80 of this Complaint as if fully set forth herein, and further asserts:

457.    Pursuant to 11 U.S.C. § 544(b), the trustee may avoid any transfer of an interest of the debtor in property as of any obligation incurred by the debtor that is voidable under F.S.A. § 726.105(1)(b) for a period of four (4) years prior to filing of the debtor's bankruptcy.

458.    Within four (4) years of the Petition Date, the Debtor made the 4 Year Transfers to MGE or for the benefit of MGE as set forth in Exhibit "P" attached hereto and incorporated herein.

459.    The records of the Debtor do not reflect that the Debtor was ever obligated to MGE for any form of debt.

460.    The 4 Year Transfers were a transfer of property of the Debtor, an interest in the property of the Debtor, or an obligation incurred by the Debtor, that was made or incurred before the Petition Date.

461.    Claims of creditors of the Debtor arose prior to and after the date of the 4 Year Transfers made by the Debtor to MGE or for the benefit of MGE.

462.    The 4 Year Transfers were made without the Debtor having received reasonably equivalent value in exchange for the 4 Year Transfers, and the Debtor was:

    A.    engaged or was about to engage in a business or a transaction for which the remaining assets of the Debtor were unreasonably small in relation to the business or transaction; or

    B.    intended to incur, or believed or reasonably should have believed that it would incur, debts beyond its ability to pay as they became due.

463.    The Trustee is entitled to recover the monies in the amount of the 4 Year Transfers plus pre- and post-judgment interest thereon.

**WHEREFORE**, pursuant to 11 U.S.C. §§ 544(b) and 550(A)(1), as well as §726.105(1)(b), Florida Statutes, the Trustee requests judgment in his favor awarding him the recovery of the 4 Year Transfers, pre- and post-judgment interest, and any other such relief which this Court deems just, equitable and proper.

**COUNT XLIX**
**Avoidance and Recovery of Fraudulent Transfer Under**
**11 U.S.C. § 544(b), § 550(A)(1), and F.S.A. § 726.106 Against MGE**

464.    The Trustee incorporates by reference and realleges Paragraphs 1 through 80 of this Complaint as if fully set forth herein, and further asserts:

465.    Pursuant to 11 U.S.C. § 544(b), the trustee may avoid any transfer of an interest of the debtor in property as of any obligation incurred by the debtor that is voidable under F.S.A. § 726.106 for a period of four (4) years prior to filing of the debtor's bankruptcy.

466.    Within four (4) years of the Petition Date, the Debtor made the 4 Year Transfers to MGE or for the benefit of MGE as set forth in Exhibit "P" attached hereto and incorporated herein.

467.    The 4 Year Transfers were a transfer of the property of the Debtor, an interest in property of the Debtor, or an obligation incurred by the Debtor, that was made or incurred within four (4) years before the Petition Date.

468.    The records of the Debtor do not reflect that the Debtor was ever obligated to MGE for any form of debt.

469.    The Debtor received less than reasonably equivalent value in exchange for the 4 Year Transfers; and:

     A.     was insolvent on the date the 4 Year Transfers were made or became insolvent as a result of the 4 Year Transfers;

     B.     was engaged in business or transaction, or was about to engage in business or transaction, for which any property remaining with the Debtor was unreasonably small capital; or

     C.     intended to incur, or believed that the Debtor would incur, debts that would be beyond the Debtor's ability to pay as such debts matured.

470.     At the time of the 4 Year Transfers, the Debtor had creditors whose claims arose prior to the date of the 4 Year Transfers.

471.     The Trustee is entitled to recover the monies in the amount of the 4 Year Transfers plus pre- and post-judgment interest thereon.

**WHEREFORE**, pursuant to 11 U.S.C. §§ 544(b) and 550, as well as § 726.106, Florida Statutes, the Trustee requests judgment in his favor awarding him the recovery of the 4 Year Transfers, pre- and post-judgment interest, and such other relief which this Court deems just, equitable and proper.

## COUNT L
### Aiding and Abetting Breach of Fiduciary Duty against MGE

472.     The Trustee incorporates by reference and realleges Paragraphs 1 through 80 of this Complaint as is fully set forth herein.

473.     As an organization directly affiliated with the CAS, MGE aided and abetted Piedra's breach of his principal fiduciary duty to the Debtor P.A. and its creditors.

474.     Specifically, Piedra, as principal, had a fiduciary duty to discharge his duties in good faith, with the care an ordinarily prudent officer or director in a like position would exercise and in a manner reasonably believed to be in the Debtor's best interest. Piedra further had a fiduciary duty not to utilize corporate funds in an improper manner.

475.     Piedra breached this duty by fraudulently getting patients to sign up for financing agreements for the sole purpose of transferring the advanced funds to CAS related entities. Once in receipt of the advanced funds, Piedra did not render many or all of the promised services, overbilled patients, and charged high cancellation rates to make it difficult for patients to back out of their treatment plans.

476.     Piedra further breached his fiduciary duty by purchasing various CAS related products from MGE that did not provide the Debtor P.A. with any actual value or consideration. Piedra had a fiduciary duty to properly utilize corporate funds for the benefit of the Debtor P.A. and failed to do so.

477.     MGE is an organization that purports to be distinct from the CAS, but in actuality, is a front group established to assist in the transferring of funds to the CAS. MGE played a significant role in implementing certain CAS beliefs and doctrines. As one of the key organizations in assisting with the business structure and finances of the Debtor, it knew of the breach of fiduciary duty on part of the primary wrongdoer and offered substantial assistance or encouragement by assisting in the analysis of Debtor's financials and documenting the transfers of money to CAS entities. Further, it knew that MGE was not giving proper consideration or value to the Debtor in the alleged forms of business management support. It induced Piedra to breach his fiduciary duty by using corporate funds to purchase various business management support that were not beneficial, in any way, to the Debtor. At all relevant times, MGE was on notice, aware, and assisted in the scheme to defraud patients and transfer money to CAS related entities.

478.     The foregoing breaches proximately caused damage to the Debtor and its creditors.

479.     MGE's aiding and abetting of Piedra was not privileged or justified.

**WHEREFORE**, by reason of the foregoing, the Trustee demands judgment against MGE, which damages include, but may not be limited to, the increased insolvency of the Debtor measured in part by the unpaid claims of the creditors of the Debtor resulting from the aiding and abetting by MGE of Piedra's breaches and/or the increased insolvency of the Debtor, plus pre- and post-judgment interest, and any such other relief as this Court deems just and proper.

**COUNT LI**
**Avoidance and Recovery of Fraudulent Transfers Under**
**11 U.S.C. §§ 548(a)(1)(A) and 550(a)(1) against IAS Administrations**

480.    The Trustee incorporates by reference and realleges Paragraphs 1 through 80 of this Complaint as is fully set forth herein.

481.    11 U.S.C. § 548(a)(1)(A) provides that a trustee may "avoid any transfer ... of an interest of the debtor in property, or any obligation ... incurred by the debtor, that was made or incurred on or within 2 years before the date of filing of the petition, if the debtor voluntarily or involuntarily made such transfer or incurred such obligation with actual intent to hinder, delay, or defraud any entity to which the debtor was or became, on or after the date such transfer was made or such obligation was incurred, indebted."

482.    Within two (2) years of the Petition Date, the Debtor transferred $32,500.00 to Defendant, the IAS Administrations, Inc. (hereinafter, the "2 Year Transfers") or for the benefit of IAS.  A detail of the disbursements to IAS or for the benefit of IAS Administrations is incorporated by reference herein and attached hereto as Exhibit "Q."

483.    The records of the Debtor do not reflect that the Debtor was ever obligated to IAS Administrations for any form of debt.

484.    The 2 Year Transfers constitute a "transfer of an interest of the debtor in property" under 11 U.S.C. § 548(a)(1)(A).

485.     The 2 Year Transfers were made by the Debtor with the actual intent to hinder, delay, or defraud any entity to which the Debtor was, or became, on or after the date the 2 Year Transfers were made or such obligation was incurred or indebted.

486.     The facts support the allegation that Debtor was purposefully transferring large sums of money to CAS related entities, including IAS Administrations, through the corporate account.  The Debtor utilized fraudulent methods to gain certain amounts of money, which were then transferred over the CAS related entities such as IAS Administrations.

487.     The Trustee is entitled to recover the 2 Year Transfers plus pre- and post-judgment interest thereon pursuant to § 550(a)(1).

**WHEREFORE**, by reason of the foregoing, and pursuant to 11 U.S.C. §§ 548 and 550, the 2 Year Transfers to IAS Administrations are avoidable and the Trustee requests judgment in his favor awarding him the recovery of the 2 Year Transfers, plus pre- and post-judgment interest, and any such other relief this Court may deem just, equitable and proper.

### COUNT LII
### Avoidance and Recovery of Fraudulent Transfers Under
### 11 U.S.C. §§ 548(a)(1)(B) and 550(a)(1) Against IAS Administrations

488.     The Trustee incorporates by reference and realleges Paragraphs 1 through 80 of this Complaint as is fully set forth herein.

489.     11 U.S.C. § 548(a)(1)(B)(i-ii) provides that a trustee may "avoid any transfer … of an interest of the debtor in property, or any obligation … incurred by the debtor, that was made or incurred on or within 2 years before the date of filing of the petition, if the debtor voluntarily or involuntarily (i) received less than a reasonably equivalent value in exchange for such obligation; and (ii) was insolvent on the date that such transfer was made or such obligation was incurred, or became insolvent as a result of such transfer or obligation."

490.     Within two (2) years of the Petition Date, the Debtor made the 2 Year Transfers to IAS Administrations or for the benefit of IAS Administrations as set forth in Exhibit "Q" attached hereto and incorporated herein.

491.     The records of the Debtor do not reflect that the Debtor was ever obligated to IAS Administrations for any form of debt.

492.     The 2 Year Transfers constitute a "transfer of an interest of the debtor in property" under 11 U.S.C. § 548(a)(1)(B).

493.     The Debtor voluntarily or involuntarily received less than a reasonably equivalent value in exchange for the 2 Year Transfers and the Debtor was insolvent on the dates that the 2 Year Transfers were made or such obligation was incurred, or became insolvent as a result of the 2 Year Transfers or obligation.

494.     The Trustee is entitled to recover the 2 Year Transfers plus pre- and post-judgment interest thereon pursuant to § 550(a)(1).

**WHEREFORE**, by reason of the foregoing, and pursuant to 11 U.S.C. §§ 544, 548, 550 and 551, the 2 Year Transfers to Administrations are avoidable and the Trustee therefore requests judgment in his favor awarding him the recovery of the 2 Year Transfers, plus pre- and post-judgment interest, and any other such relief this Court may deem just, equitable and proper.

## COUNT LIII
### Avoidance and Recovery of Fraudulent Transfer Under
### 11 U.S.C. § 544(b), § 550(A)(1), and F.S.A. § 726.105(1)(a) Against IAS Administrations

495.     The Trustee incorporates by reference and realleges Paragraphs 1 through 80 of this Complaint as if fully set forth herein, and further asserts:

496.     Pursuant to 11 U.S.C. § 544(b), the trustee may avoid any transfer of an interest of the debtor in property as of any obligation incurred by the debtor that is voidable under F.S.A. § 726.105(1)(a) for a period of four (4) years prior to filing of the debtor's bankruptcy.

497.     Within four (4) years of the Petition Date, the Debtor transferred to IAS Administrations or for the benefit of the IAS Administrations $32,500.00 (hereinafter, the "4 Year Transfers"). A detail of the disbursements to IAS Administrations or for the benefit of IAS Administrations is incorporated by reference herein and attached hereto as Exhibit "Q."

498.     The facts support the allegation that Debtor was purposefully transferring large sums of money to CAS related entities, including IAS Administrations, through the corporate account. The Debtor utilized fraudulent methods to gain certain amounts of money, which were then transferred over the CAS related entities.

499.     The records of the Debtor do not reflect that the Debtor was ever obligated to IAS Administrations for any form of debt.

500.     The 4 Year Transfers were a transfer of property of the Debtor, an interest in property of the Debtor, or an obligation incurred by the Debtor, that was made or incurred before the Petition Date.

501.     Claims of creditors of the Debtor arose prior to and after the 4 Year Transfers being made by the Debtor to IAS Administrations or for the benefit of IAS Administrations.

502.     The 4 Year Transfers were made with the actual intent to hinder, delay, or defraud any creditor of the Debtor.

503.     The Trustee is entitled to recover the amount of the 4 Year Transfers plus pre- and post-judgment interest thereon pursuant to § 550(a)(1).

**WHEREFORE**, by reason of the foregoing, and pursuant to 11 U.S.C. §§ 544(b) and 550, as well as § 726.105, Florida Statutes, the Trustee therefore requests judgment in his favor awarding him the recovery of the 4 Year Transfers, plus pre- and post-judgment interest, and any other such relief this Court may deem just, equitable and proper.

## COUNT LIV
### Avoidance and Recovery of Fraudulent Transfer
### Under 11 U.S.C. § 544(b), § 550(A)(1), and F.S.A. § 726.105(b) against IAS Administrations

504.    The Trustee incorporates by reference and realleges Paragraphs 1 through 80 of this Complaint as if fully set forth herein, and further asserts:

505.    Pursuant to 11 U.S.C. § 544(b), the trustee may avoid any transfer of an interest of the debtor in property as of any obligation incurred by the debtor that is voidable under F.S.A. § 726.105(1)(a) for a period of four (4) years prior to filing of the debtor's bankruptcy.

506.    Within four (4) years of the Petition Date, the Debtor made the 4 Year Transfers to IAS Administrations or for the benefit of IAS Administrations as set forth in Exhibit "Q" attached hereto and incorporated herein.

507.    The records of the Debtor do not reflect that the Debtor was ever obligated to IAS Administrations for any form of debt.

508.    The 4 Year Transfers were a transfer of property of the Debtor, an interest in the property of the Debtor, or an obligation incurred by the Debtor, that was made or incurred before the Petition Date.

509.    Claims of creditors of the Debtor arose prior to and after the date of the 4 Year Transfers made by the Debtor to IAS Administrations or for the benefit of IAS Administrations.

510.    The 4 Year Transfers were made without the Debtor having received reasonably equivalent value in exchange for the 4 Year Transfers, and the Debtor was:

A.    engaged or was about to engage in a business or a transaction for which the remaining assets of the Debtor were unreasonably small in relation to the business or transaction; or

B.    intended to incur, or believed or reasonably should have believed that it would incur, debts beyond its ability to pay as they became due.

511.     The Trustee is entitled to recover the monies in the amount of the 4 Year Transfers plus pre- and post-judgment interest thereon.

**WHEREFORE**, pursuant to 11 U.S.C. §§ 544(b) and 550(A)(1), as well as §726.105(b), Florida Statutes, the Trustee requests judgment in his favor awarding him the recovery of the 4 Year Transfers, pre- and post-judgment interest, and any other such relief which this Court deems just, equitable and proper.

**COUNT LV**
**Avoidance and Recovery of Fraudulent Transfer Under**
**11 U.S.C. § 544(b), § 550(A)(1), and F.S.A. § 726.106 against IAS Administrations**

512.     The Trustee incorporates by reference and realleges Paragraphs 1 through 80 of this Complaint as if fully set forth herein, and further asserts:

513.     Pursuant to 11 U.S.C. § 544(b), the trustee may avoid any transfer of an interest of the debtor in property as of any obligation incurred by the debtor that is voidable under F.S.A. § 726.106 for a period of four (4) years prior to filing of the debtor's bankruptcy.

514.     Within four (4) years of the Petition Date, the Debtor made the 4 Year Transfers to IAS Administrations or for the benefit of IAS Administrations as set forth in Exhibit "Q" attached hereto and incorporated herein.

515.     The 4 Year Transfers were a transfer of the property of the Debtor, an interest in property of the Debtor, or an obligation incurred by the Debtor, that was made or incurred within four (4) years before the Petition Date.

516.     The records of the Debtor do not reflect that the Debtor was ever obligated to IAS Administrations for any form of debt.

517.     The Debtor received less than reasonably equivalent value in exchange for the 4 Year Transfers; and:

A.     was insolvent on the date the 4 Year Transfers were made or became insolvent as a result of the 4 Year Transfers;

B.     was engaged in business or transaction, or was about to engage in business or transaction, for which any property remaining with the Debtor was unreasonably small capital; or

C.     intended to incur, or believed that the Debtor would incur, debts that would be beyond the Debtor's ability to pay as such debts matured.

518.     At the time of the 4 Year Transfers, the Debtor had creditors whose claims arose prior to the date of the 4 Year Transfers.

519.     The Trustee is entitled to recover the monies in the amount of the 4 Year Transfers plus pre- and post-judgment interest thereon.

**WHEREFORE**, pursuant to 11 U.S.C. §§ 544(b) and 550, as well as § 726.106, Florida Statutes, the Trustee requests judgment in his favor awarding him the recovery of the 4 Year Transfers, pre- and post-judgment interest, and such other relief which this Court deems just, equitable and proper.

**COUNT LVI**
**Avoidance and Recovery of Fraudulent Transfers**
**Under 11 U.S.C. §§ 548(a)(1)(A) and 550(a)(1) against CSRT**

520.     The Trustee incorporates by reference and realleges Paragraphs 1 through 80 of this Complaint as is fully set forth herein.

521.     11 U.S.C. § 548(a)(1)(A) provides that a trustee may "avoid any transfer … of an interest of the debtor in property, or any obligation … incurred by the debtor, that was made or incurred on or within 2 years before the date of filing of the petition, if the debtor voluntarily or involuntarily made such transfer or incurred such obligation with actual intent to hinder, delay,

or defraud any entity to which the debtor was or became, on or after the date such transfer was made or such obligation was incurred, indebted."

522.     Within two (2) years of the Petition Date, the Debtor transferred $10,000.00 to Defendant, CSRT (hereinafter, the "2 Year Transfers") or for the benefit of CSRT.  A detail of the disbursements to CSRT or for the benefit of CSRT is incorporated by reference herein and attached hereto as Exhibit "R."

523.     The records of the Debtor do not reflect that the Debtor was ever obligated to CSRT for any form of debt.

524.     The 2 Year Transfers constitute a "transfer of an interest of the debtor in property" under 11 U.S.C. § 548(a)(1)(A).

525.     The 2 Year Transfers were made by the Debtor with the actual intent to hinder, delay, or defraud any entity to which the Debtor was, or became, on or after the date the 2 Year Transfers were made or such obligation was incurred or indebted.

526.     The facts support the allegation that Debtor was purposefully transferring large sums of money to CAS related entities, including CSRT, through the corporate account.  The Debtor utilized fraudulent methods to gain certain amounts of money, which were then transferred over the CAS related entities such as CSRT.

527.     The Trustee is entitled to recover the 2 Year Transfers plus pre- and post-judgment interest thereon pursuant to § 550(a)(1).

**WHEREFORE**, by reason of the foregoing, and pursuant to 11 U.S.C. §§ 548 and 550, the 2 Year Transfers to Administrations are avoidable and the Trustee requests judgment in his favor awarding him the recovery of the 2 Year Transfers, plus pre- and post-judgment interest, and any such other relief this Court may deem just, equitable and proper.

## COUNT LVII
### Avoidance and Recovery of Fraudulent Transfers
### Under 11 U.S.C. §§ 548(a)(1)(B) and 550(a)(1) against CSRT

528.     The Trustee incorporates by reference and realleges Paragraphs 1 through 80 of this Complaint as is fully set forth herein.

529.     11 U.S.C. § 548(a)(1)(B)(i-ii) provides that a trustee may "avoid any transfer … of an interest of the debtor in property, or any obligation … incurred by the debtor, that was made or incurred on or within 2 years before the date of filing of the petition, if the debtor voluntarily or involuntarily (i) received less than a reasonably equivalent value in exchange for such obligation; and (ii) was insolvent on the date that such transfer was made or such obligation was incurred, or became insolvent as a result of such transfer or obligation."

530.     Within two (2) years of the Petition Date, the Debtor made the 2 Year Transfers to CSRT or for the benefit of CSRT as set forth in Exhibit "R" attached hereto and incorporated herein.

531.     The records of the Debtor do not reflect that the Debtor was ever obligated to CSRT for any form of debt.

532.     The 2 Year Transfers constitute a "transfer of an interest of the debtor in property" under 11 U.S.C. § 548(a)(1)(B).

533.     The Debtor voluntarily or involuntarily received less than a reasonably equivalent value in exchange for the 2 Year Transfers and the Debtor was insolvent on the dates that the 2 Year Transfers were made or such obligation was incurred, or became insolvent as a result of the 2 Year Transfers or obligation.

534.     The Trustee is entitled to recover the 2 Year Transfers plus pre- and post-judgment interest thereon pursuant to § 550(a)(1).

**WHEREFORE**, by reason of the foregoing, and pursuant to 11 U.S.C. §§ 544, 548, 550 and 551, the 2 Year Transfers to Administrations are avoidable and the Trustee therefore requests judgment in his favor awarding him the recovery of the 2 Year Transfers, plus pre- and post-judgment interest, and any other such relief this Court may deem just, equitable and proper.

**COUNT LVIII**
**Avoidance and Recovery of Fraudulent Transfer Under**
**11 U.S.C. § 544(b), § 550(A)(1), and F.S.A. § 726.105(1)(a) against CSRT**

535.    The Trustee incorporates by reference and realleges Paragraphs 1 through 80 of this Complaint as if fully set forth herein, and further asserts:

536.    Pursuant to 11 U.S.C. § 544(b), the trustee may avoid any transfer of an interest of the debtor in property as of any obligation incurred by the debtor that is voidable under F.S.A. § 726.105(1)(a) for a period of four (4) years prior to filing of the debtor's bankruptcy.

537.    Within four (4) years of the Petition Date, the Debtor transferred to CSRT or for the benefit of the CSRT $55,000.00 (hereinafter, the "4 Year Transfers"). A detail of the disbursements to CSRT or for the benefit of the CSRT is incorporated by reference herein and attached hereto as Exhibit "S."

538.    The facts support the allegation that Debtor was purposefully transferring large sums of money to CAS related entities, including the CSRT, through the corporate account. The Debtor utilized fraudulent methods to gain certain amounts of money, which were then transferred over the CAS related entities, including CSRT.

539.    The records of the Debtor do not reflect that the Debtor was ever obligated to CSRT for any form of debt.

540.    The 4 Year Transfers were a transfer of property of the Debtor, an interest in property of the Debtor, or an obligation incurred by the Debtor, that was made or incurred before the Petition Date.

541.     Claims of creditors of the Debtor arose prior to and after the 4 Year Transfers being made by the Debtor to CSRT or for the benefit of CSRT.

542.     The 4 Year Transfers were made with the actual intent to hinder, delay, or defraud any creditor of the Debtor.

543.     The Trustee is entitled to recover the amount of the 4 Year Transfers plus pre- and post-judgment interest thereon pursuant to § 550(a)(1).

**WHEREFORE**, by reason of the foregoing, and pursuant to 11 U.S.C. §§ 544(b) and 550, as well as § 726.105, Florida Statutes, the Trustee therefore requests judgment in his favor awarding him the recovery of the 4 Year Transfers, plus pre- and post-judgment interest, and any other such relief this Court may deem just, equitable and proper.

## COUNT LIX
### Avoidance and Recovery of Fraudulent Transfer Under
### 11 U.S.C. § 544(b), § 550(A)(1), and F.S.A. § 726.105(1)(b) against CSRT

544.     The Trustee incorporates by reference and realleges Paragraphs 1 through 80 of this Complaint as if fully set forth herein, and further asserts:

545.     Pursuant to 11 U.S.C. § 544(b), the trustee may avoid any transfer of an interest of the debtor in property as of any obligation incurred by the debtor that is voidable under F.S.A. § 726.105(1)(b) for a period of four (4) years prior to filing of the debtor's bankruptcy.

546.     Within four (4) years of the Petition Date, the Debtor made the 4 Year Transfers to CSRT or for the benefit of CSRT as set forth in Exhibit "S" attached hereto and incorporated herein.

547.     The records of the Debtor do not reflect that the Debtor was ever obligated to CSRT for any form of debt.

548.    The 4 Year Transfers were a transfer of property of the Debtor, an interest in the property of the Debtor, or an obligation incurred by the Debtor, that was made or incurred before the Petition Date.

549.    Claims of creditors of the Debtor arose prior to and after the date of the 4 Year Transfers made by the Debtor to CSRT or for the benefit of the CSRT.

550.    The 4 Year Transfers were made without the Debtor having received reasonably equivalent value in exchange for the 4 Year Transfers, and the Debtor was:

  A.    engaged or was about to engage in a business or a transaction for which the remaining assets of the Debtor were unreasonably small in relation to the business or transaction; or

  B.    intended to incur, or believed or reasonably should have believed that it would incur, debts beyond its ability to pay as they became due.

551.    The Trustee is entitled to recover the monies in the amount of the 4 Year Transfers plus pre- and post-judgment interest thereon.

**WHEREFORE,** pursuant to 11 U.S.C. §§ 544(b) and 550(A)(1), as well as §726.105(1)(b), Florida Statutes, the Trustee requests judgment in his favor awarding him the recovery of the 4 Year Transfers, pre- and post-judgment interest, and any other such relief which this Court deems just, equitable and proper.

**COUNT LX**
**Avoidance and Recovery of Fraudulent Transfer Under**
**11 U.S.C. § 544(b), § 550(A)(1), and F.S.A. § 726.106 against CSRT**

552.    The Trustee incorporates by reference and realleges Paragraphs 1 through 80 of this Complaint as if fully set forth herein, and further asserts:

553.       Pursuant to 11 U.S.C. § 544(b), the trustee may avoid any transfer of an interest of the debtor in property as of any obligation incurred by the debtor that is voidable under F.S.A. § 726.106 for a period of four (4) years prior to filing of the debtor's bankruptcy.

554.       Within four (4) years of the Petition Date, the Debtor made the 4 Year Transfers to CSRT or for the benefit of CSRT as set forth in Exhibit "S" attached hereto and incorporated herein.

555.       The 4 Year Transfers were a transfer of the property of the Debtor, an interest in property of the Debtor, or an obligation incurred by the Debtor, that was made or incurred within four (4) years before the Petition Date.

556.       The records of the Debtor do not reflect that the Debtor was ever obligated to CSRT for any form of debt.

557.       The Debtor received less than reasonably equivalent value in exchange for the 4 Year Transfers; and:

      A.       was insolvent on the date the 4 Year Transfers were made or became insolvent as a result of the 4 Year Transfers;

      B.       was engaged in business or transaction, or was about to engage in business or transaction, for which any property remaining with the Debtor was unreasonably small capital; or

      C.       intended to incur, or believed that the Debtor would incur, debts that would be beyond the Debtor's ability to pay as such debts matured.

558.       At the time of the 4 Year Transfers, the Debtor had creditors whose claims arose prior to the date of the 4 Year Transfers.

559.       The Trustee is entitled to recover the monies in the amount of the 4 Year Transfers plus pre- and post-judgment interest thereon.

**WHEREFORE**, pursuant to 11 U.S.C. §§ 544(b) and 550, as well as § 726.106, Florida Statutes, the Trustee requests judgment in his favor awarding him the recovery of the 4 Year Transfers, pre- and post-judgment interest, and such other relief which this Court deems just, equitable and proper.

**COUNT LXI**
**Avoidance and Recovery of Fraudulent Transfers**
**Under 11 U.S.C. §§ 548(a)(1)(A) and 550(a)(1) against CAS FSO**

560.    The Trustee incorporates by reference and realleges Paragraphs 1 through 80 of this Complaint as is fully set forth herein.

561.    11 U.S.C. § 548(a)(1)(A) provides that a trustee may "avoid any transfer … of an interest of the debtor in property, or any obligation … incurred by the debtor, that was made or incurred on or within 2 years before the date of filing of the petition, if the debtor voluntarily or involuntarily made such transfer or incurred such obligation with actual intent to hinder, delay, or defraud any entity to which the debtor was or became, on or after the date such transfer was made or such obligation was incurred, indebted."

562.    Within two (2) years of the Petition Date, the Debtor transferred $86,584.00 to Defendant, CAS FSO (hereinafter, the "2 Year Transfers") or for the benefit of CAS FSO.  A detail of the disbursements to CAS FSO or for the benefit of CAS FSO is incorporated by reference herein and attached hereto as Exhibit"T."

563.    The records of the Debtor do not reflect that the Debtor was ever obligated to CAS FSO for any form of debt.

564.    The 2 Year Transfers constitute a "transfer of an interest of the debtor in property" under 11 U.S.C. § 548(a)(1)(A).

565.     The 2 Year Transfers were made by the Debtor with the actual intent to hinder, delay, or defraud any entity to which the Debtor was, or became, on or after the date the 2 Year Transfers were made or such obligation was incurred or indebted.

566.     The facts support the allegation that Debtor was purposefully transferring large sums of money to CAS related entities, including CAS FSO, through the corporate account. The Debtor utilized fraudulent methods to gain certain amounts of money, which were then transferred over the CAS related entities such as CAS FSO.

567.     The Trustee is entitled to recover the 2 Year Transfers plus pre- and post-judgment interest thereon pursuant to § 550(a)(1).

**WHEREFORE**, by reason of the foregoing, and pursuant to 11 U.S.C. §§ 548 and 550, the 2 Year Transfers to CAS FSO are avoidable and the Trustee requests judgment in his favor awarding him the recovery of the 2 Year Transfers, plus pre- and post-judgment interest, and any such other relief this Court may deem just, equitable and proper.

**COUNT LXII**
**Avoidance and Recovery of Fraudulent Transfers**
**Under 11 U.S.C. §§ 548(a)(1)(B) and 550(a)(1) against CAS FSO**

568.     The Trustee incorporates by reference and realleges Paragraphs 1 through 80 of this Complaint as is fully set forth herein.

569.     11 U.S.C. § 548(a)(1)(B)(i-ii) provides that a trustee may "avoid any transfer ... of an interest of the debtor in property, or any obligation ... incurred by the debtor, that was made or incurred on or within 2 years before the date of filing of the petition, if the debtor voluntarily or involuntarily (i) received less than a reasonably equivalent value in exchange for such obligation; and (ii) was insolvent on the date that such transfer was made or such obligation was incurred, or became insolvent as a result of such transfer or obligation."

570.    Within two (2) years of the Petition Date, the Debtor made the 2 Year Transfers to CAS FSO or for the benefit of CAS FSO as set forth in Exhibit "T" attached hereto and incorporated herein.

571.    The records of the Debtor do not reflect that the Debtor was ever obligated to CAS FSO for any form of debt.

572.    The 2 Year Transfers constitute a "transfer of an interest of the debtor in property" under 11 U.S.C. § 548(a)(1)(B).

573.    The Debtor voluntarily or involuntarily received less than a reasonably equivalent value in exchange for the 2 Year Transfers and the Debtor was insolvent on the dates that the 2 Year Transfers were made or such obligation was incurred, or became insolvent as a result of the 2 Year Transfers or obligation.

574.    The Trustee is entitled to recover the 2 Year Transfers plus pre- and post-judgment interest thereon pursuant to § 550(a)(1).

**WHEREFORE**, by reason of the foregoing, and pursuant to 11 U.S.C. §§ 544, 548, 550 and 551, the 2 Year Transfers to CAS FSO are avoidable and the Trustee therefore requests judgment in his favor awarding him the recovery of the 2 Year Transfers, plus pre- and post-judgment interest, and any other such relief this Court may deem just, equitable and proper.

### COUNT LXIII
### Avoidance and Recovery of Fraudulent Transfer Under
### 11 U.S.C. § 544(b), § 550(A)(1), and F.S.A. § 726.105(1)(a) against CAS FSO

575.    The Trustee incorporates by reference and realleges Paragraphs 1 through 80 of this Complaint as if fully set forth herein, and further asserts:

576.    Pursuant to 11 U.S.C. § 544(b), the trustee may avoid any transfer of an interest of the debtor in property as of any obligation incurred by the debtor that is voidable under F.S.A. § 726.105(1)(a) for a period of four (4) years prior to filing of the debtor's bankruptcy.

577.     Within four (4) years of the Petition Date, the Debtor transferred to CAS FSO or for the benefit of the CAS FSO $86,584.00 (hereinafter, the "4 Year Transfers"). A detail of the disbursements to CAS FSO or for the benefit of the CAS FSO is incorporated by reference herein and attached hereto as Exhibit "T."

578.     The facts support the allegation that Debtor was purposefully transferring large sums of money to CAS related entities, including the CAS FSO, through the corporate account. The Debtor utilized fraudulent methods to gain certain amounts of money, which were then transferred over the CAS related entities, including CAS FSO.

579.     The records of the Debtor do not reflect that the Debtor was ever obligated to CAS FSO for any form of debt.

580.     The 4 Year Transfers were a transfer of property of the Debtor, an interest in property of the Debtor, or an obligation incurred by the Debtor, that was made or incurred before the Petition Date.

581.     Claims of creditors of the Debtor arose prior to and after the 4 Year Transfers being made by the Debtor to CAS FSO or for the benefit of CAS FSO.

582.     The 4 Year Transfers were made with the actual intent to hinder, delay, or defraud any creditor of the Debtor.

583.     The Trustee is entitled to recover the amount of the 4 Year Transfers plus pre- and post-judgment interest thereon pursuant to § 550(a)(1).

**WHEREFORE**, by reason of the foregoing, and pursuant to 11 U.S.C. §§ 544(b) and 550, as well as § 726.105, Florida Statutes, the Trustee therefore requests judgment in his favor awarding him the recovery of the 4 Year Transfers, plus pre- and post-judgment interest, and any other such relief this Court may deem just, equitable and proper.

**COUNT LXIV**
**Avoidance and Recovery of Fraudulent Transfer Under**
**11 U.S.C. § 544(b), § 550(A)(1), and F.S.A. § 726.105(1)(b) against CAS FSO**

584.     The Trustee incorporates by reference and realleges Paragraphs 1 through 80 of this Complaint as if fully set forth herein, and further asserts:

585.     Pursuant to 11 U.S.C. § 544(b), the trustee may avoid any transfer of an interest of the debtor in property as of any obligation incurred by the debtor that is voidable under F.S.A. § 726.105(1)(b) for a period of four (4) years prior to filing of the debtor's bankruptcy.

586.     Within four (4) years of the Petition Date, the Debtor made the 4 Year Transfers to CAS FSO or for the benefit of CAS FSO as set forth in Exhibit "T" attached hereto and incorporated herein.

587.     The records of the Debtor do not reflect that the Debtor was ever obligated to CAS FSO for any form of debt.

588.     The 4 Year Transfers were a transfer of property of the Debtor, an interest in the property of the Debtor, or an obligation incurred by the Debtor, that was made or incurred before the Petition Date.

589.     Claims of creditors of the Debtor arose prior to and after the date of the 4 Year Transfers made by the Debtor to CAS FSO or for the benefit of the CAS FSO.

590.     The 4 Year Transfers were made without the Debtor having received reasonably equivalent value in exchange for the 4 Year Transfers, and the Debtor was:

    A.     engaged or was about to engage in a business or a transaction for which the remaining assets of the Debtor were unreasonably small in relation to the business or transaction; or

    B.     intended to incur, or believed or reasonably should have believed that it would incur, debts beyond its ability to pay as they became due.

591.     The Trustee is entitled to recover the monies in the amount of the 4 Year Transfers plus pre- and post-judgment interest thereon.

**WHEREFORE**, pursuant to 11 U.S.C. §§ 544(b) and 550(A)(1), as well as §726.105(1)(b), Florida Statutes, the Trustee requests judgment in his favor awarding him the recovery of the 4 Year Transfers, pre- and post-judgment interest, and any other such relief which this Court deems just, equitable and proper.

**COUNT LXV**
**Avoidance and Recovery of Fraudulent Transfer Under**
**11 U.S.C. § 544(b), § 550(A)(1), and F.S.A. § 726.106 against CAS FSO**

592.     The Trustee incorporates by reference and realleges Paragraphs 1 through 80 of this Complaint as if fully set forth herein, and further asserts:

593.     Pursuant to 11 U.S.C. § 544(b), the trustee may avoid any transfer of an interest of the debtor in property as of any obligation incurred by the debtor that is voidable under F.S.A. § 726.106 for a period of four (4) years prior to filing of the debtor's bankruptcy.

594.     Within four (4) years of the Petition Date, the Debtor made the 4 Year Transfers to CAS FSO or for the benefit of CAS FSO as set forth in Exhibit "T" attached hereto and incorporated herein.

595.     The 4 Year Transfers were a transfer of the property of the Debtor, an interest in property of the Debtor, or an obligation incurred by the Debtor, that was made or incurred within four (4) years before the Petition Date.

596.     The records of the Debtor do not reflect that the Debtor was ever obligated to CSRT for any form of debt.

597.     The Debtor received less than reasonably equivalent value in exchange for the 4 Year Transfers; and:

A.     was insolvent on the date the 4 Year Transfers were made or became insolvent as a result of the 4 Year Transfers;

B.     was engaged in business or transaction, or was about to engage in business or transaction, for which any property remaining with the Debtor was unreasonably small capital; or

C.     intended to incur, or believed that the Debtor would incur, debts that would be beyond the Debtor's ability to pay as such debts matured.

598.     At the time of the 4 Year Transfers, the Debtor had creditors whose claims arose prior to the date of the 4 Year Transfers.

599.     The Trustee is entitled to recover the monies in the amount of the 4 Year Transfers plus pre- and post-judgment interest thereon.

**WHEREFORE**, pursuant to 11 U.S.C. §§ 544(b) and 550, as well as § 726.106, Florida Statutes, the Trustee requests judgment in his favor awarding him the recovery of the 4 Year Transfers, pre- and post-judgment interest, and such other relief which this Court deems just, equitable and proper.

### COUNT LXVI
### Avoidance and Recovery of Fraudulent Transfers
### Under 11 U.S.C. §§ 548(a)(1)(A) and 550(a)(1)) against CAS KC

600.     The Trustee incorporates by reference and realleges Paragraphs 1 through 80 of this Complaint as is fully set forth herein.

601.     11 U.S.C. § 548(a)(1)(A) provides that a trustee may "avoid any transfer … of an interest of the debtor in property, or any obligation … incurred by the debtor, that was made or incurred on or within 2 years before the date of filing of the petition, if the debtor voluntarily or involuntarily made such transfer or incurred such obligation with actual intent to hinder, delay,

or defraud any entity to which the debtor was or became, on or after the date such transfer was made or such obligation was incurred, indebted."

602.    Within two (2) years of the Petition Date, the Debtor transferred $39,166.87 to Defendant, CAS KC (hereinafter, the "2 Year Transfers") or for the benefit of CAS KC.  A detail of the disbursements to CAS KC or for the benefit of CAS KC is incorporated by reference herein and attached hereto as Exhibit "U."

603.    The records of the Debtor do not reflect that the Debtor was ever obligated to CAS KC for any form of debt.

604.    The 2 Year Transfers constitute a "transfer of an interest of the debtor in property" under 11 U.S.C. § 548(a)(1)(A).

605.    The 2 Year Transfers were made by the Debtor with the actual intent to hinder, delay, or defraud any entity to which the Debtor was, or became, on or after the date the 2 Year Transfers were made or such obligation was incurred or indebted.

606.    The facts support the allegation that Debtor was purposefully transferring large sums of money to CAS related entities, including CAS KC, through the corporate account.  The Debtor utilized fraudulent methods to gain certain amounts of money, which were then transferred over the CAS related entities such as CAS KC.

607.    The Trustee is entitled to recover the 2 Year Transfers plus pre- and post-judgment interest thereon pursuant to § 550(a)(1).

**WHEREFORE**, by reason of the foregoing, and pursuant to 11 U.S.C. §§ 548 and 550, the 2 Year Transfers to CAS KC are avoidable and the Trustee requests judgment in his favor awarding him the recovery of the 2 Year Transfers, plus pre- and post-judgment interest, and any such other relief this Court may deem just, equitable and proper.

**COUNT LXVII**
**Avoidance and Recovery of Fraudulent Transfers**
**Under 11 U.S.C. §§ 548(a)(1)(B) and 550(a)(1)) against CAS KC**

608.    The Trustee incorporates by reference and realleges Paragraphs 1 through 80 of this Complaint as is fully set forth herein.

609.    11 U.S.C. § 548(a)(1)(B)(i-ii) provides that a trustee may "avoid any transfer … of an interest of the debtor in property, or any obligation … incurred by the debtor, that was made or incurred on or within 2 years before the date of filing of the petition, if the debtor voluntarily or involuntarily (i) received less than a reasonably equivalent value in exchange for such obligation; and (ii) was insolvent on the date that such transfer was made or such obligation was incurred, or became insolvent as a result of such transfer or obligation."

610.    Within two (2) years of the Petition Date, the Debtor made the 2 Year Transfers to CAS KC or for the benefit of CAS KC as set forth in Exhibit "U" attached hereto and incorporated herein.

611.    The records of the Debtor do not reflect that the Debtor was ever obligated to CAS KC for any form of debt.

612.    The 2 Year Transfers constitute a "transfer of an interest of the debtor in property" under 11 U.S.C. § 548(a)(1)(B).

613.    The Debtor voluntarily or involuntarily received less than a reasonably equivalent value in exchange for the 2 Year Transfers and the Debtor was insolvent on the dates that the 2 Year Transfers were made or such obligation was incurred, or became insolvent as a result of the 2 Year Transfers or obligation.

614.    The Trustee is entitled to recover the 2 Year Transfers plus pre- and post-judgment interest thereon pursuant to § 550(a)(1).

**WHEREFORE**, by reason of the foregoing, and pursuant to 11 U.S.C. §§ 544, 548, 550 and 551, the 2 Year Transfers to CAS KC are avoidable and the Trustee therefore requests judgment in his favor awarding him the recovery of the 2 Year Transfers, plus pre- and post-judgment interest, and any other such relief this Court may deem just, equitable and proper.

**COUNT LXVIII**
**Avoidance and Recovery of Fraudulent Transfer Under**
**11 U.S.C. § 544(b), § 550(A)(1), and F.S.A. § 726.105(1)(a) against CAS KC**

615.     The Trustee incorporates by reference and realleges Paragraphs 1 through 80 of this Complaint as if fully set forth herein, and further asserts:

616.     Pursuant to 11 U.S.C. § 544(b), the trustee may avoid any transfer of an interest of the debtor in property as of any obligation incurred by the debtor that is voidable under F.S.A. § 726.105(1)(a) for a period of four (4) years prior to filing of the debtor's bankruptcy.

617.     Within four (4) years of the Petition Date, the Debtor transferred to CAS KC or for the benefit of the CAS KC $ 148,844.62 (hereinafter, the "4 Year Transfers"). A detail of the disbursements to CAS KC or for the benefit of the CAS KC is incorporated by reference herein and attached hereto as Exhibit "V."

618.     The facts support the allegation that Debtor was purposefully transferring large sums of money to CAS related entities, including the CAS KC, through the corporate account. The Debtor utilized fraudulent methods to gain certain amounts of money, which were then transferred over the CAS related entities, including CAS KC.

619.     The records of the Debtor do not reflect that the Debtor was ever obligated to CAS KC for any form of debt.

620.     The 4 Year Transfers were a transfer of property of the Debtor, an interest in property of the Debtor, or an obligation incurred by the Debtor, that was made or incurred before the Petition Date.

\10\1663 - # 251536 v1                    102

621.     Claims of creditors of the Debtor arose prior to and after the 4 Year Transfers being made by the Debtor to CAS KC or for the benefit of CAS KC.

622.     The 4 Year Transfers were made with the actual intent to hinder, delay, or defraud any creditor of the Debtor.

623.     The Trustee is entitled to recover the amount of the 4 Year Transfers plus pre- and post-judgment interest thereon pursuant to § 550(a)(1).

**WHEREFORE**, by reason of the foregoing, and pursuant to 11 U.S.C. §§ 544(b) and 550, as well as § 726.105, Florida Statutes, the Trustee therefore requests judgment in his favor awarding him the recovery of the 4 Year Transfers, plus pre- and post-judgment interest, and any other such relief this Court may deem just, equitable and proper.

**COUNT LXIX**
**Avoidance and Recovery of Fraudulent Transfer Under**
**11 U.S.C. § 544(b), § 550(A)(1), and F.S.A. § 726.105(1)(b) against CAS KC**

624.     The Trustee incorporates by reference and realleges Paragraphs 1 through 80 of this Complaint as if fully set forth herein, and further asserts:

625.     Pursuant to 11 U.S.C. § 544(b), the trustee may avoid any transfer of an interest of the debtor in property as of any obligation incurred by the debtor that is voidable under F.S.A. § 726.105(1)(b) for a period of four (4) years prior to filing of the debtor's bankruptcy.

626.     Within four (4) years of the Petition Date, the Debtor made the 4 Year Transfers to CAS KC or for the benefit of CAS KC as set forth in Exhibit "V" attached hereto and incorporated herein.

627.     The records of the Debtor do not reflect that the Debtor was ever obligated to CAS KC for any form of debt.

628.    The 4 Year Transfers were a transfer of property of the Debtor, an interest in the property of the Debtor, or an obligation incurred by the Debtor, that was made or incurred before the Petition Date.

629.    Claims of creditors of the Debtor arose prior to and after the date of the 4 Year Transfers made by the Debtor to CAS KC or for the benefit of the CAS KC.

630.    The 4 Year Transfers were made without the Debtor having received reasonably equivalent value in exchange for the 4 Year Transfers, and the Debtor was:

        A.    engaged or was about to engage in a business or a transaction for which the remaining assets of the Debtor were unreasonably small in relation to the business or transaction; or

        B.    intended to incur, or believed or reasonably should have believed that it would incur, debts beyond its ability to pay as they became due.

631.    The Trustee is entitled to recover the monies in the amount of the 4 Year Transfers plus pre- and post-judgment interest thereon.

**WHEREFORE**, pursuant to 11 U.S.C. §§ 544(b) and 550(A)(1), as well as §726.105(1)(b), Florida Statutes, the Trustee requests judgment in his favor awarding him the recovery of the 4 Year Transfers, pre- and post-judgment interest, and any other such relief which this Court deems just, equitable and proper.

### COUNT LXX
### Avoidance and Recovery of Fraudulent Transfer Under
### 11 U.S.C. § 544(b), § 550(A)(1), and F.S.A. § 726.106 against CAS KC

632.    The Trustee incorporates by reference and realleges Paragraphs 1 through 80 of this Complaint as if fully set forth herein, and further asserts:

633.    Pursuant to 11 U.S.C. § 544(b), the trustee may avoid any transfer of an interest of the debtor in property as of any obligation incurred by the debtor that is voidable under F.S.A. § 726.106 for a period of four (4) years prior to filing of the debtor's bankruptcy.

634.    Within four (4) years of the Petition Date, the Debtor made the 4 Year Transfers to CAS KC or for the benefit of CAS KC as set forth in Exhibit "V" attached hereto and incorporated herein.

635.    The 4 Year Transfers were a transfer of the property of the Debtor, an interest in property of the Debtor, or an obligation incurred by the Debtor, that was made or incurred within four (4) years before the Petition Date.

636.    The records of the Debtor do not reflect that the Debtor was ever obligated to CAS KC for any form of debt.

637.    The Debtor received less than reasonably equivalent value in exchange for the 4 Year Transfers; and:

    A.    was insolvent on the date the 4 Year Transfers were made or became insolvent as a result of the 4 Year Transfers;

    B.    was engaged in business or transaction, or was about to engage in business or transaction, for which any property remaining with the Debtor was unreasonably small capital; or

    C.    intended to incur, or believed that the Debtor would incur, debts that would be beyond the Debtor's ability to pay as such debts matured.

638.    At the time of the 4 Year Transfers, the Debtor had creditors whose claims arose prior to the date of the 4 Year Transfers.

639.    The Trustee is entitled to recover the monies in the amount of the 4 Year Transfers plus pre- and post-judgment interest thereon.

**WHEREFORE**, pursuant to 11 U.S.C. §§ 544(b) and 550, as well as § 726.106, Florida Statutes, the Trustee requests judgment in his favor awarding him the recovery of the 4 Year Transfers, pre- and post-judgment interest, and such other relief which this Court deems just, equitable and proper.

Respectfully Submitted,
GrayRobinson, PA
1221 Brickell Avenue, Suite 1600
Miami, Florida 33131
Telephone:  305-416-6880
Fax: 305-416-6887

By: /s/ Frank P. Terzo
    Frank P. Terzo, Esq.
    Fla. Bar No. 906263